### 32122. HINTON *v.* JACKSON.

DECIDED NOVEMBER 18, 1948.

*Albert E. Mayer,* for plaintiff in error.
*Yantis Mitchell,* contra.

MACINTYRE, P. J. W. M. Jackson instituted suit by dispossessory warrant in the Civil Court of Fulton County, against

Mr. and/or Mrs. Frank Hinton in order to evict the named defendants, as tenants, of a house at 90 Hawthorne Avenue, College Park, Georgia, alleging that "said tenant fails to pay the rent now due thereon; that said tenant is holding said house and premises over and beyond the term for which the same were rented to him; and that the said owner desires and has demanded possession of said house;" and that the plaintiff had complied with the OPA regulations and was entitled to institute the dispossessory proceeding because "defendant owes plaintiff $10.00 for rent on premises described above from May 1, 1947, to June 1, 1947, at the rate of $10.00 per month." The defendant Frank Hinton, plaintiff in error herein, filed a counter-affidavit and dispossessory-warrant bond, alleging that he had tendered to the plaintiff the rent, claimed to be unpaid, prior to the date on which it became due and payable. Hinton also demurred to the dispossessory warrant and moved that it be dismissed on the ground that "the affidavit, which is the basis of said proceedings, does not distinctly allege that the said defendant, Frank Hinton, is in possession as tenant of the house and premises as described in said affidavit."

To meet this demurrer and motion the plaintiff filed an amendment under oath, which was allowed, striking from the dispossessory affidavit the words "Mr. and/or Mrs." so that the sole tenant and defendant named was "Frank Hinton;" and the defendant's demurrer was overruled. The defendant failed to except, either pendente lite or by direct bill, to this ruling, but rather made it a ground in his motion for a new trial, subsequently filed, alleging that no judgment could be legally rendered against Frank Hinton alone because the dispossessory warrant alleged that Mr. and/or Mrs. Frank Hinton were in possession of the premises as tenants. Proceeding regularly, the case came on to trial before the Honorable Clarence Bell, Judge of the Civil Court of Fulton County, and after a hearing verdict and judgment were entered by the court, sitting as judge and jury, in favor of the plaintiff. The defendant made a motion for a new trial before the trial judge, which motion was overruled, and he appealed to the appellate division of the trial court. On this appeal the judgment was affirmed, to which judgment the defendant excepts.

■ The overruling of the demurrer to the dispossessory warrant is reviewable by exceptions either direct or pendente lite, but not by motion for a new trial. *Hester* v. *Keen,* 141 *Ga.* 832 (82 S. E. 250); *Brooke & Co.* v. *Cunningham Bros.,* 19 *Ga. App.* 21 (90 S. E. 1037), and cit. There being no appropriate exception to the overruling of the demurrer to the dispossessory warrant, the question of the correctness of the court's ruling in this particular is not before this court for determination. Since the defendant failed to take exception to this ruling of the court, he will not now be heard to complain that the judgment could not legally be entered against him alone.

■ ■ It is well settled that tender is ordinarily equivalent to payment; but this principle can have no application where a condition of the contract is that payment must be made in advance on the first of each month, and where tender is not made in time. A party to a legal contract has the right to insist upon its terms; and when rent is tendered to a landlord after the date upon which it has become due and payable and he has given notice of his intention to adhere strictly to the terms of the contract—even though prior to the notice he had waived its terms by accepting rent tendered past its due date— and has done nothing subsequently to such notice to again waive the terms of the lease or rental agreement, he may refuse such tender and, after demanding possession of the premises, bring dispossessory proceedings in accordance with the law. See in this connection *Cunningham* v. *Moore,* 60 *Ga. App.* 850 (5 S. E. 2d, 71); *Haynie* v. *Murray,* 74 *Ga. App.* 253, 257 (39 S. E. 2d, 567); *Strand Amusement Co.* v. *Ferrell,* 29 *Ga. App.* 456 (115 S. E. 920), and cases cited. See also *Moore* v. *Collins,* 36 *Ga. App.* 701 (2) (138 S. E. 81). Under the facts in this case, as will presently appear, the landlord acted within his legal rights in refusing the tender of rent by the defendant on May 3, 1947, if in fact the rent was due on May 1. It is contended by the plaintiff in error, the defendant below, that where a contract of rental does not specify the day upon which rent is due and payable, the rent is not due until the end of the term, whether annual, quarterly, or monthly; and that there was no evidence in this case to support the finding of the trial judge, sitting as a jury, that the contract of rental between the plaintiff and the defendant provided for pay-

ment on the first day of each month in advance. It is of course true that where the contract of rental does not specify the day upon which rent is due, the rent is not due until the end of the term. *Parker* v. *Gortatowsky,* 129 *Ga.* 623 (59 S. E. 286); *F. & W. Grand Stores* v. *Eiseman,* 160 *Ga.* 321, 328 (127 S. E. 872). However, if there is a provision for payment at a particular time during such term, either expressly made or to be gathered by necessary implication from the acts and circumstances of the parties or by custom or usage in the community, the rent will be due on the date thus established. *See F. & W. Grand Stores* v. *Eiseman,* supra; 126 A. L. R. 565 (note), and cases there cited; 52 C. J. S. 315, Landlord and Tenant, § 511, et seq. The sole remaining issue raised in this case then is whether there was any evidence introduced at the trial upon which the trial judge, sitting as both judge and jury, could base his verdict that the contract between the parties provided for the payment of the rent on the first day of the month in advance and his judgment in favor of the plaintiff.

■ It appears from the record that the defendant was in possession of the premises in controversy by virtue of an oral agreement of rental, which, as testified by the plaintiff on cross-examination, was as follows: "I never made a written lease with Frank Hinton. He was in the house when I bought it and I never did ask him to get out. . . When I bought the house, I didn't have any dealings or transactions with Frank Hinton no more than he asked me to let him stay on in the house. He agreed to pay $12.50 a month if he stayed in there when he asked me for the house. That was in April, 1945—1946. He said he wanted to stay there and would pay $12.50 a month. I turned it over to Mr. King [his rental agent]; I didn't accept it, I sent it to him. I told him he could stay there. We didn't have no more agreement that I know of. That's the whole agreement." Later in regard to this conversation, the plaintiff testified that the defendant had offered to pay him the rent in advance, but that "I told him, no, you can pay Mr. King, he is taking care of all my rent. You can give it to him on the first. He said, I will do that." And on further cross-examination, the plaintiff testi-

fied: "I didn't testify that in my agreement with Frank Hinton nothing was said about the date on which the rent was to be paid, I don't think I did. I testified I didn't have no contract. The question was asked did I have a written contract and I said I didn't. After I bought the house I said I talked to Frank Hinton and Frank Hinton told me he wanted to stay on, he said he wanted to rent the house. I said he agreed with me how much rent he was to pay a month. You ask if you said, is that all the agreement that was made and I said, yes. My answer is, absolutely, then it was."

In respect to this conversation the defendant testified: "When he started remodeling I told him I wanted to continue to stay on and he said I could. It wasn't mentioned about what day the rent was due and was to be paid. . . He did not state that the rent was due and was to be paid on the first day of each month in advance."

In pursuance of this rental agreement the defendant continued in possession, making monthly payments of rent to the rental agent of the plaintiff. The dates on which the monthly payments were made as shown by the rental card of the defendant, which was maintained by the rental agent and which was identified and introduced in evidence without objection, were as follows:

"Owner W. M. Jackson

"Commission 10

"CORNELIUS KING AND SON

"Renting Agents, 212 Auburn Ave., N.E.

"Name Frank Hinton

"90 Hawthorne, Col. Pk.

"Orig. Date 4/8/46    Rate 12.50

"Date Feb. 3, 1947    Rate 10.00

| "Date Paid | Amount | To What time Paid |
|---|---|---|
| "May 6 '46 | 12.50 | 6-1-46 |
| "Jun 3 | 12.50 | 7-1-46 |
| "Jul 1 '46 | 12.50 | 8-1-46 |
| "Aug 1 '46 | 12.50 | 9-1-46 |
| "Aug 31 '46 | 12.50 | 10-1-46 |
| "Oct. 1 '46 | 12.50 | 11-1-46 |
| "Nov. 2 '46 | 12.50 | 12-1-46 |

| | | | |
|---|---|---|---|
| "Dec 2 '46 | 12.50 | 1-1-47 | Dec. 2, '46 |
| "Jan 3 '47 | 12.50 | 2-1-47 | |
| "Feb 3 '47 | 10.00 | 3-1-47 | |
| "Mar 1 '47 | 10.00 | 4-1-47 | |
| "Mar 31 '47 | 10.00 | 5-1-47" | |

As this card shows, it was the practice of the defendant to pay his rent for the following month in advance at times varying from the 31st of the month until the 6th of the month. It appears from the evidence, however, that on February 14, 1947, the plaintiff by his agent mailed to each of his tenants the following letter of notice:

"February 14, 1947

"Dear Tenant: Regardless of any custom or practice in paying your rent that you have been allowed to follow heretofore you are now hereby notified that henceforth you will be required to follow the exact requirement of your rental agreement. As indicated on our printed receipt forms, your rent is due and payable at the office in advance, and your rent must be paid on or before the day it is due, or you will be in default thereof. Our collectors are for convenience of the tenants only, and we accept no responsibility for failure to collect rent on the premises. If we fail to call at the premises on or before your rental due date, the rent must be paid at the office in advance, and your failure to do so will be unsatisfactory. The acceptance of rent after the due date does not mean that we are waiving our rights to stand on a default thereof, or to allow you to depart from the exact terms of your rental agreement, verbal or written.

Very truly yours,
"C. King and Son
."By J. H. Calhoun

"To all Tenants
"Copy to Area Rent Office, Office of Temporary Contracts, 449 W. Peachtree St., N. E., Atlanta, Ga."

As will be noted from the rent card of the defendant, supra, after the date of this notice the defendant paid his rent on March 1, 1947, for the month of March, and on March 31, 1947, for the month of April.

On May 3, 1947, the son of the defendant tendered to the agent of the plaintiff the defendant's rent for the month of May and the same was refused. On May 6, 1947, the plaintiff through his agent by letter notified the defendant that his rent was in default and demanded possession of the premises. On May 7, 1947, counsel for the defendant again tendered the rent for May and informed the agent of the plaintiff that his refusal of the tendered rent was legally unjustified. On May 13 the plaintiff sued out the dispossessory warrant in issue.

As was shown, the plaintiff testified that it was agreed with the defendant that the rent should be paid on the first, though his own testimony is not clear on this matter and the fact was directly contradicted by the defendant. The rental card of the defendant shows that it was his practice to pay his rent in advance at varying times centering around the first of the month; and it is clear that for the two months immediately after receiving notice from the plaintiff that his rent must be paid on or before the date due in advance, the defendant paid on or before the first day of the month. The plaintiff did nothing to again waive his right to require that the terms of the rental contract be strictly adhered to, and the evidence thus appearing authorized the trial judge to find that the acts of the parties and the circumstances established that the rental contract between the plaintiff and the defendant required that the rent be paid on the first day of the month in advance.

*Judgment affirmed. · Gardner and Townsend, JJ., concur.*