## 67183. LOKAS v. GREER.

POPE, Judge.

Charles Thomas Lokas appeals from the trial court's grant of judgment on the pleadings to defendant Judy Greer d/b/a Judy's Employment Agency. Lokas paid Greer $50 toward a $200 employment placement fee. Shortly thereafter, Greer informed Lokas that she had obtained a position for him at Arby's and advised him to give notice at his old job. In reliance upon this, Lokas quit his job and reported to Arby's on the appointed date, only to find that there was no job for him and that Greer had never obtained a position for him. Lokas instituted both criminal and civil proceedings against Greer; the record does not reveal the course of the criminal proceedings; however, civil suit was filed in May 1981. Greer answered, generally denying the material allegations. Approximately one year after answering the suit, but before trial, Greer amended her answer to plead accord and satisfaction and release on the basis of a $50 check made payable to Lokas, dated September 9, 1981, which was endorsed and cashed by Lokas. Upon the reverse of the check the following language was typed: "This check is in payment of a $50.00 indebtedness tendered by Charles Lokas on or about the 2nd day of January, 1981, and payment of same is a release of any and all claims which Charles Lokas had against Judy Greer d/b/a Judy's Employment Agency." Lokas' endorsement appeared immediately below the typed language on the back of the check.

Lokas argues that he accepted the check only as restitution in the criminal proceeding. However, as noted above, the release does

not contain any such limiting language, nor did Lokas make any reservation in his endorsement. "While under certain circumstances a party may settle one claim without relinquishing another [cit.], specific language to this effect must be utilized. . . ." *Garrett v. Heisler,* 149 Ga. App. 240, 241 (253 SE2d 863) (1979). The release is clear and unambiguous. Lokas does not contend, nor does the record show any artifice, fraud, or trick which prevented Lokas from reading the release. Nor does the record evidence disclose a mistake of fact such as would avoid the release here. Compare *Vann v. Williams,* 165 Ga. App. 457 (299 SE2d 908) (1983), wherein the evidence of record was found to have raised a question of fact as to whether the parties (one of whom had signed a general release) were mistaken as to the legal effect of the release. The plain language of the release is such that Lokas could not fail to have been on notice that the release included his civil suit, which was then pending. The trial court did not err in granting judgment on the pleadings. See *McMullan v. Nichols,* 162 Ga. App. 865 (292 SE2d 568) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 19, 1984.

*William J. Sussman,* for appellant.
*James G. Blanchard, Jr.,* for appellee.