69447. EDENFIELD v. ROGERS.
(329 SE2d 183)

McMurray, Presiding Judge.

Plaintiff Edenfield, while driving his automobile in the parking lot of a restaurant in Chatham County, Georgia, collided with defendant Rogers, who was riding a third individual's Honda motorcycle. Plaintiff filed this action for property damage and defendant counterclaimed for personal injuries alleging the joint negligence of plaintiff and American Honda Motor Co., Inc. (The latter tortfeasor was not named as a party in this action.)

Plaintiff moved for partial summary judgment as to defendant Rogers' counterclaim, relying on defendant Rogers' execution of a general release. The release in question was executed in California in connection with the settlement of a separate action, initiated by Rogers, in the United States District Court for the Central District of California against American Honda Motor Co., Inc. and Honda Motor Co., Ltd.

In the federal court action defendant Rogers sought damages from the manufacturer and distributor of the motorcycle. The plaintiff in the case sub judice was not a party to the federal court action and was not a party to the release in question.

Following the denial of his motion for partial summary judgment, plaintiff petitioned this court and was granted permission to file this interlocutory appeal. *Held*:

"It has been generally held that the law of the place of wrong governs the question whether the release of one tortfeasor operates to release all joint tortfeasors." 69 ALR2d 1034, 1035 (§ 3 (a)). "The construction and validity of a release are governed by the law of the place where it is executed . . . but the validity of a release as a de-

fense in an action in tort is governed by the law of the place of injury." 76 CJS 672, Release, § 39. The law of the lex loci delicti governs as to all substantive matters. *Ohio Southern Express Co. v. Beeler*, 110 Ga. App. 867, 868 (1) (140 SE2d 235). See in this regard *De Bono v. Bittner*, 178 NYS2d 419. Accordingly, we will look to Georgia law to determine the effect of the release in question.

"It is a well established rule in this state that 'a release executed in favor of one joint tortfeasor, in full settlement of damages, acts as a release in favor of all other joint tortfeasors.' [Cits.]" *Zimmermans, Inc. v. McDonough Constr. Co.*, 240 Ga. 317, 319 (1) (240 SE2d 864). "The release is clear and unambiguous. [Defendant] does not contend, nor does the record show any artifice, fraud, or trick which prevented [defendant] from reading the release. Nor does the record evidence disclose a mistake of fact such as would avoid the release here. Compare *Vann v. Williams*, 165 Ga. App. 457 (299 SE2d 908) (1983), wherein the evidence of record was found to have raised a question of fact as to whether the parties (one of whom had signed a general release) were mistaken as to the legal effect of the release. The plain language of the release is such that [defendant] could not fail to have been on notice that the release included [defendant's counterclaim in the case sub judice]." *Lokas v. Greer*, 169 Ga. App. 537, 538 (313 SE2d 725).

The trial court erred in applying the reasoning of *Vann v. Williams*, supra, to the facts of the case sub judice. The *Vann* case involves an equitable principle predicated upon OCGA § 23-2-22, where an honest mistake of the law (as to the effect of an instrument on the part of both contracting parties) operates as a gross injustice to one, and gives an unconscionable advantage to the other. We agree that in both the *Vann* case and the case sub judice, there was evidence that one of the parties to the instrument suffered a disadvantage arising from a mutual mistake (of the parties to the instrument) of the law as to the effect of the instrument. In the case sub judice, the mistake of law does not give an unconscionable advantage to one of the parties to the instrument. Thus, the *Vann* case, in which there was evidence that the insurance company (one of the parties to the instrument and insuror of both parties to the action) received an unconscionable advantage from a mistake of the law as to the effect of the instrument must be distinguished. In order for OCGA § 23-2-22 to be applicable there must arise from the mistake of law not only disadvantage to one party to the instrument, but also unconscionable advantage to the other. Both elements necessary for the application of OCGA § 23-2-22 are not present in the case sub judice.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

Decided March 4, 1985 —
Rehearing denied March 20, 1985 —

*A. Martin Kent, R. Stephen Sims*, for appellant.
*Thomas C. Bordeaux, Jr.*, for appellee.
*Gene Mac Winburn, Ben B. Mills*, amici curiae.