## A89A1119. DUBLIN PUB, INC. v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

### (382 SE2d 654)

DEEN, Presiding Judge.

This is the second appeal between these parties arising from dispossessory proceedings under a ten-year lease agreement entered into in 1984. In the first appeal this court affirmed a ruling of the trial court, entered March 28, 1988, dismissing the dispossessory action brought by MONY in February of 1987 and enforcing the terms of a settlement agreement between the parties. *Mutual Ins. Co. of N. Y. v. Dublin Pub*, 190 Ga. App. 94 (378 SE2d 497) (1989). Under the settlement agreement, in consideration of the payment by Dublin Pub of a specified amount, MONY agreed to withdraw its termination of the lease, acknowledging that it remained in full force and effect and continuing to honor its rights, obligations, and duties thereunder.

The subject of the instant appeal is the rental payment due in February 1988, which was tendered to MONY's attorney by Dublin Pub while it was involved in Chapter 7 bankruptcy proceedings requiring all rental payments to be turned over to the bankruptcy trustee. See 11 USC § 704. The check was delivered to the bankruptcy trustee, but when the proceedings were terminated shortly thereafter it was never received by MONY. The disposition of this check was not determined and on July 6, 1988, Dublin Pub placed a stop payment order on it. No replacement check was issued and on September 21, 1988, MONY mailed a letter to Dublin Pub demanding payment of the February rent no later than October 3, 1988, and advising it that failure to comply would be considered a default under the lease.

On Monday October 3, Dublin Pub's president, Jim Oliver, mailed two checks by certified mail to the office of MONY's leasing agent, one to replace the February 1988 check that had been lost and the second for the rent due in October. On October 11 Oliver received a letter from MONY's rental agent stating that the October rent was past due and "[t]herefore, you shall have ten (10) days from the date of your receipt of this letter to pay the outstanding rental without assessment of . . . attorney's fees. If you have not responded to this request within ten (10) days, we will have no other alternative but to fully prosecute the legal remedies available to us . . . ." (Indention omitted.) Oliver called the rental agent and, upon learning that neither the February replacement check nor the October rental check had been received, stopped payment on both of them and issued two new checks. These two checks, with Oliver's cover letter explaining the circumstances of the delay, arrived at MONY's leasing office the next day, October 13; the two original checks mailed October 3 were received on October 14. The instant dispossessory action was filed on October 12. The case was tried by jury, which rendered a verdict in

favor of MONY, and Dublin Pub appeals from the denial of its motions for directed verdict, new trial and judgment n.o.v.

1. Appellant contends that the dismissal of MONY's first dispossessory action on March 28, 1988 acted as an adjudication upon the merits, barring relitigation of all issues raised or which could have been raised by the pleadings pursuant to OCGA § 9-11-41 (b). This argument, however, overlooks the fact that the trial court's dismissal of the first dispossessory action was based upon enforcement of the terms and conditions of the settlement agreement between the parties. The trial court found that "[t]he delivery of this sum by [Dublin Pub's] attorney to [MONY] along with subsequent acceptance of monthly rental payments paid directly to [MONY], considered together, amounts to an acceptance of the settlement offer." This court affirmed, concluding that the trial court's findings were amply authorized by the evidence. *Mutual Ins. Co. of N. Y. v. Dublin Pub*, supra at 95. The settlement agreement cleared the dispute over past-due rent owed by Dublin Pub, but MONY did not relinquish or release its claim to future rents. See *Lokas v. Greer*, 169 Ga. App. 537 (313 SE2d 725) (1984); *Kahn v. Columbus Mills*, 188 Ga. App. 90 (371 SE2d 908) (1988). Because of the misplacement of the February 1988 check due to the bankruptcy proceedings, the issue of its repayment did not give rise to a termination of the lease until after Dublin Pub became in default on October 3, 1988. This was well beyond the time it could have been raised in the first dispossessory action, since judgment was entered on March 28, 1988. Therefore the trial court's ruling on Dublin Pub's res judicata claim was correct.

2. Under the lease MONY had the right to terminate if the tenant failed to pay a rental installment when due and it remained unpaid for ten days. Although the February 1988 rental check was timely tendered to MONY by delivery to its attorney, the attorney turned it over to the bankruptcy trustee as he was obligated to do by 11 USC § 542. Dublin Pub argues, however, that receipt of the check by MONY prior to the time it was due prevented MONY from claiming a default regardless of the bankruptcy requirements, and that the lease as negotiated did not contemplate nor provide for such an eventuality. MONY asserts that because the check was the property of the bankrupt estate at the time the rent was due, its tender was a nullity and the rent remained unpaid for ten days.

We agree with MONY. Regardless of whether the tender was timely, the fact remains that MONY did not receive the February 1988 rent check and the rent remained unpaid for over ten days. In the event of such an occurrence, the terms of the lease authorized MONY to terminate and demand immediate possession of the premises. See *Perimeter Mall v. Retail Sense*, 162 Ga. App. 465 (291 SE2d 392) (1982); *Eason Publications v. Monson*, 163 Ga. App. 370 (294

SE2d 585) (1982). In a commercial lease, the default provisions are controlling. *Hardwick, Cook & Co. v. 3379 Peachtree, Ltd.*, 184 Ga. App. 822 (1) (363 SE2d 31) (1987); *Eason Publications*, supra. MONY had the right to insist upon these terms and to bring dispossessory proceedings in accordance with the law. *Hinton v. Jackson*, 78 Ga. App. 62 (2) (50 SE2d 254) (1948).

3. Likewise, for the same reasons, MONY did not waive its right to terminate the lease prior to October 21, 1988, because of the letter written by its rental agent extending the demand for payment of the October rent until that date. By the terms of the lease, which are controlling, Dublin Pub was in default when it failed to insure that the February rent check was paid within ten days of the time it was due. It failed to do this on three occasions: after the bankruptcy was concluded; after a stop payment order was issued on that check in July; and by October 3 pursuant to MONY's demand letter of September 21, 1988. The lease gave MONY the right to pursue a number of remedies upon default, and it expressly declared that forbearance to enforce one or more of these remedies would not be deemed to constitute a waiver.

" 'The jury is the final arbiter of the facts and the verdict must be construed by the trial and appellate courts in the light most favorable to upholding the jury verdict.' [Cit.]" *Gorin v. FPA 2, P.C.*, 184 Ga. App. 239, 240 (361 SE2d 193) (1987). Under the terms of the lease and the evidence presented, the jury was authorized to reach its verdict and, finding no error, we will not disturb it. It follows that the trial court also correctly denied Dublin Pub's motions for directed verdict, new trial and judgment n.o.v.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 9, 1989 —
REHEARING DENIED MAY 25, 1989 —

*Michael J. Reily*, for appellant.
*Alston & Bird, Bernard Taylor*, for appellee.