A96A0487, A96A0488. HILLSIDE ORCHARD FARMS, INC.
v. MURPHY et al.; and vice versa.
(473 SE2d 181)

JOHNSON, Judge.

This personal injury action arising out of a motor vehicle collision was tried before a jury in the Superior Court of Rabun County. The jury returned a verdict in favor of Jean and Wade Murphy ("Murphy") in the amount of $165,000, which was reduced by the trial court by $2,500 based on Murphy's no-fault insurance coverage. Hillside Orchard Farms, Inc., appeals from the judgment entered on the jury's verdict. Murphy filed a cross-appeal. For the reasons set out below, we affirm the judgment in Case No. A96A0487. The cross-appeal, Case No. A96A0488, is rendered moot and is dismissed, as

the cross-appellants have indicated in their brief their preference for affirmance in the main appeal over consideration of the enumerations asserted in their cross-appeal.

As to all key issues regarding liability, the evidence before the jury was hotly contested and in some instances diametrically opposed. On appeal, however, the evidence must be construed to uphold the verdict even where the evidence is in conflict. *Willis v. Brassell*, 220 Ga. App. 348 (469 SE2d 733) (1996). Viewed in this light, the evidence shows the following: As Jose Barcenas transported a load of apples for his employer, Hillside Orchard Farms, the truck he was driving suffered some type of mechanical malfunction and stalled at the top of a hill. Barcenas' attempts to restart the engine failed, so he allowed the truck to coast down the hill in an effort to reach a parking area at the bottom. The truck did not reach this parking area. Instead, it came to rest blocking about two-thirds of the northbound lane of the narrow, two-lane road upon which Barcenas was traveling. After further attempts to restart the truck failed, Barcenas and the two co-workers accompanying him left it in the roadway and went for assistance. The truck's mechanical breakdown was witnessed by Jody and James Taylor, who were not parties to this case. James Taylor testified that when they drove past the truck soon after it stopped, there were no flashing lights, no flagmen, and no warning devices to warn approaching motorists of the hazard awaiting them just over the hill. Jody Taylor testified that approximately one to two hours passed between the time they saw the truck stop and the time of the accident.

Barcenas' supervisor, Robert Mitcham, testified that he waited for the truck at an unloading point nearby. When it did not arrive, he drove back toward the departure point to look for the truck. Mitcham found the truck blocking the roadway and pulled his pickup truck in front of the produce truck in case the use of jumper cables was required to restart it. Mitcham climbed into the produce truck, switched the fuel system over to one of its reserve fuel tanks, and tried to start the engine. When the engine would not start, he got out and attempted to employ jumper cables in his efforts. Although Mitcham testified to the contrary, there was evidence that he did not turn on the truck's lights or its warning lights or post flagmen to warn approaching motorists. Mitcham was at the site of the disabled truck for at least 30 minutes when Murphy's car came over the hill. It had become dark, and the only lights Murphy saw were on a vehicle, driven by Jody Taylor, traveling in the opposite direction. She looked to the edge of the road to make sure that she remained in her lane, but also looked straight ahead. Suddenly, she saw what appeared to be "a black wall" immediately in front of her. There was no time to brake and she struck what turned out to be the rear of the

Hillside Orchard produce truck. She was badly injured in the collision.

Murphy and her husband filed a negligence action against Barcenas, Mitcham, and Hillside, claiming that Barcenas was negligent in leaving the truck in the road without hazard warnings or lights, Mitcham was negligent in failing to remove the truck or warn drivers of the danger, and the company was liable based on the theory of respondeat superior. No other persons were named as defendants in the action. At trial, the parties stipulated that: "The big truck and the little truck belong to and are the property of Hillside Orchard Farms[,] were being operated for Hillside Orchard Farms[,] and Jose Miguel Barcenas and Robert Mitcham were engaged in duties for Hillside Orchard Farms."

At the close of Murphy's case, the trial court partially granted Mitcham's motion for directed verdict.[1] In so ruling, the trial court attempted to make it clear to the parties and their attorneys that Hillside could still be liable to the extent Mitcham was acting on behalf of Hillside. The jury was never informed of the ruling.

Hillside moved for a directed verdict as to its liability for the acts or omissions of any Hillside employees not named in the suit, arguing that Murphy presented no evidence that any other agents, servants or employees of Hillside, besides Barcenas and Mitcham, were negligent. While the trial court questioned the necessity of such a ruling, it ultimately granted Hillside's motion. The rulings left as defendants Barcenas, Mitcham only in his capacity as Hillside's agent, and Hillside. A special verdict form, which did not include Mitcham's name in the area where the verdict was to be filled in by the jury but did include Mitcham's name in the style section, was submitted to the jury allowing them to find either in favor of both Barcenas and Hillside, or against both Barcenas and Hillside. The jury indicated on the form that they found in favor of the Murphys and against Hillside, but crossed out Barcenas' name and wrote in "excluding Jose Miguel Barcenas." They made no mention of Mitcham's liability. Hillside argued to the trial court that the verdict was inconsistent, and requested that the trial court send the jury back for clarification. The trial court declined to do so and entered judgment on the verdict. Hillside appeals following the denial of its motions for judgment n.o.v., new trial, and to amend judgment.

---

[1] The confusion over this ruling will be discussed later in this opinion. The obvious intent and effect of the ruling was to leave open the possibility that the jury could find Hillside liable for Mitcham's acts and omissions committed as its agent and employee, but that Mitcham individually owed no duty to Murphy which could be the basis for any recovery against Mitcham personally.

## Case No. A96A0487

1. In the main appeal, Hillside argues that the verdict was inconsistent and deficient because all individuals from whom Hillside's negligence could arise were relieved of liability, either by the trial court's direction of a verdict for Mitcham individually and for all other employees not named in the complaint, or by the jury's verdict in favor of Barcenas. For the following reasons, we disagree.

"The doctrine of respondeat superior holds the master responsible for the negligent act of his servant, committed while the servant is acting within the general scope of his employment and engaged in his master's business. The negligence of the master in such a case is entirely derivative from the servant's negligence." (Citations, punctuation and emphasis omitted.) *Brown v. Who's Three*, 217 Ga. App. 131, 132 (1) (457 SE2d 186) (1995). Therefore, where a lawsuit is brought against the master and a servant based on the doctrine of respondeat superior, a verdict against the master but releasing the servant may be set aside where the pleadings and evidence do not allege or show any independent negligence by the master. *Colonial Stores v. Fishel*, 160 Ga. App. 739, 742 (1) (288 SE2d 21) (1981). Contrary to Murphy's contention on appeal, our thorough review of the record reveals that there was no showing of independent negligence by Hillside; thus, our analysis must focus on the doctrine of respondeat superior.

There is no question that Hillside could not be held vicariously liable based on Barcenas' acts or omissions, because Barcenas was expressly released from liability by the jury. Likewise, the acts of any other unnamed Hillside employees could not form the basis of Hillside's liability, because, as the trial court found in directing a verdict to Hillside on this issue, there was no evidence showing that any such persons were negligent. As to Barcenas and all employees except Mitcham, therefore, the issue of whether Hillside could be vicariously liable for their acts after the court's directed and the jury's verdict is easily answered in the negative.

What is not so obvious at first glance, however, is whether Hillside could be held liable for Mitcham's acts or omissions after the trial court directed a verdict in his favor. In moving for a directed verdict, Mitcham argued that as a mere non-driver who arrived as a rescuer, he owed no duty of care to Murphy. After entertaining a lengthy debate between the parties on this point, the trial court granted Mitcham's motion. It is clear from the record that in doing so the trial court attempted to distinguish between Mitcham's duty of care as a mere passerby unconnected to Hillside, and his duties as a servant of Hillside. Indeed, the trial court ruled that Mitcham could not be held personally liable for his acts or omissions, but left him in the case in

his role as Hillside's agent or servant.

We note in passing that the trial court erred in making such a distinction. Even if Mitcham was merely a passerby with no relation to the disabled truck or Hillside, once he stopped to render aid, a duty of care arose. The Good Samaritan Doctrine provides that "one who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." (Citation and punctuation omitted.) *Finley v. Lehman*, 218 Ga. App. 789, 790 (1) (463 SE2d 709) (1995). It is undisputed that Mitcham did stop and attempt to move the truck from the roadway, and according to his own testimony, he also tried to warn other motorists by using emergency lights on the truck and assigning two co-workers to act as flagmen. Once he stopped to render assistance, he was required to exercise reasonable care in doing so. Therefore, the trial court erred in ruling that Mitcham could not be held liable in his individual capacity. However, inasmuch as the jury was not informed that a verdict was partially directed in Mitcham's favor, the jury could consider his acts in reaching its verdict. Therefore, we find no harm in the partial direction of a verdict for Mitcham.

The real issue before us concerns the status of the case as to Hillside after the trial court's erroneous ruling as to Mitcham in his individual capacity. For the following reasons, we conclude that the status of the case was the same as it would have been had Hillside been sued on the basis of Mitcham's negligence without Mitcham being sued.

Even in a case based on the principle of respondeat superior, a master may be sued alone. *Giles v. Smith*, 80 Ga. App. 540, 543 (1) (j) (56 SE2d 860) (1949). Thus, it was not necessary to include Mitcham as a party. See *Fambro v. Sparks*, 86 Ga. App. 726, 733 (1) (72 SE2d 473) (1952), overruled on other grounds, *Allen Kane's Major Dodge*, 243 Ga. 776, 782 (257 SE2d 186) (1979). Accordingly, if the jury had before it evidence that Mitcham was negligent and that his negligence was the sole or a contributing proximate cause of Murphy's injury, even if the jury did not have Mitcham before it as a party, recovery could still be had against Hillside. In its ruling on Mitcham's motion for directed verdict, it is clear that the trial court intended that the jury be allowed to consider Mitcham's acts and omissions in determining whether Hillside was liable. But for the trial court's erroneous ruling on Mitcham's motion for directed ver-

dict, he would have remained a party.

The evidence presented at trial authorized a finding by the jury that Mitcham was negligent and that his negligence was the proximate cause of Murphy's injuries. They were authorized to find that in the thirty-minute to two-hour time period that he was with the truck, it was within his power to move it or warn others of the danger. Yet there was no evidence that he called anyone to move the truck, or that he attempted to have the truck pushed further down the hill into the nearby parking area. The jury was also authorized to question why Mitcham did not call police or use lights, flares, or flagmen to alert motorists to the hazard. What care was due in the situation and whether it was exercised were for the jury. See generally *Cannon v. Lardner*, 185 Ga. App. 194, 195 (363 SE2d 574) (1987). Inasmuch as there was evidence from which the jury could find Mitcham negligent, and that negligence could be imputed to Hillside, there is no inconsistency in the verdict. The result here comports with the well-settled principle that a verdict must be construed in the light most favorable to upholding the jury verdict. *Dublin Pub v. Mut. Life Ins. Co.*, 191 Ga. App. 677, 679 (3) (382 SE2d 654) (1989).

2. Hillside argues that the trial court erred in denying its request that the verdict be clarified when the jury returned a verdict absolving Barcenas of responsibility but finding Hillside liable. We note that the trial judge has a duty not to receive an indefinite, imperfect, or ambiguous verdict, and where an inconsistent or void verdict is returned by the jury, the trial judge should refuse to receive it and require the jury to return for further deliberations. *Zurich American Ins. Co. &c. v. Bruce*, 193 Ga. App. 804, 805 (1) (388 SE2d 923) (1989). However, under the peculiar circumstances of this case, as discussed above, it was not necessary for the jury to find Barcenas liable in order to find Hillside liable. Thus, any apparent inconsistency in the form of the verdict was not real, and further deliberations were unnecessary in this particular case.

3. Hillside contends that the trial court erred in recharging the jury that they did not have to find all defendants negligent for a verdict to be reached. The court was correct in its statement because, as stated above, the jury was authorized to find Hillside liable based on Mitcham's acts. In the colloquy between the court and counsel for both parties, including Hillside's counsel on appeal, the trial court made it clear that the posture of the case was that the jury could find Hillside liable based on the acts of Mitcham or Barcenas or both. We find no error.

4. Hillside's argument that the trial court erred in refusing to give its requested charge that one cannot be found negligent for failing to do that which is not within his power to accomplish is without merit. Even if the charge had been given, it is unlikely it would have

resulted in his release from liability. There is no evidence that Mitcham did not have the power to accomplish certain acts, e.g., to warn motorists of the danger. In fact, the evidence tends to prove the contrary. We find no harm in the trial court's failure to give the charge. See *Mattarochia v. State*, 200 Ga. App. 681, 684 (5) (c) (409 SE2d 546) (1991).

5. Our review of the record leads us to conclude that the verdict is not contrary to law or evidence as argued.

### Case No. A96A0488

The cross-appeal is rendered moot by our affirmance of the judgment in the main appeal. It is therefore dismissed as contemplated by cross-appellants.

*Judgment in Case No. A96A0487 affirmed. Appeal in Case No. A96A0488 dismissed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JUNE 18, 1996 —
RECONSIDERATION DENIED JULY 8, 1996 —

*Husby, Myers & Stroberg, William A. Myers*, for appellant.
*R. Bruce Russell*, for appellees.