**FIRST DIVISION
BARNES, P. J.,
BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 18, 2022**

# In the Court of Appeals of Georgia

A22A0934. CHILDREN'S WORLD LEARNING CENTER v. CARTER et al.

BARNES, Presiding Judge.

After six-year-old J. T. broke her arm at Children's World Learning Center, a daycare center, she and her mother, Brandice Carter (collectively, "Carter"), filed a negligence action against the Center. The Center moved for summary judgment, arguing that its employees exercised reasonable care at all relevant times and that J. T.'s injury was not reasonably foreseeable. The trial court denied the Center's motion but granted it a certificate of immediate review. Following the grant of its application for interlocutory appeal, the Center appeals, contending that the trial court erred in denying its motion for summary judgment. For the reasons discussed below, we agree and therefore reverse.

Summary judgment is appropriate if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). A defendant can succeed on summary judgment

> by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [the] plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of [the] plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.

*Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991). "On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party." (Punctuation and footnote omitted.) *Smith v. Found*, 343 Ga. App. 816, 817 (806 SE2d 287) (2017).

So viewed, the record reflects that on the date of the incident in February 2018, J. T., while outside on the Center's playground, climbed onto a metal toy truck and jumped off the truck onto another child. Employees at the Center notified J. T.'s

2

mother, who took her to the hospital, where it was determined that J. T. had broken her arm.

Carter sued the Center, claiming premises liability, respondent superior based on its employees' alleged negligence, and that the Center was negligent in hiring, training, and supervising its staff. Angela Singletary, the owner and director of the Center, testified in her deposition that the Center is licensed by the state licensing agency, Bright From the Start ("BFTS"), and undergoes periodic inspections. J. T. was in the after-school classroom at the time of the incident. There were 14 children and 1 staff member in that classroom; state regulations set a maximum ratio of 25 children per teacher. The truck onto which J. T. climbed was less than three feet tall, and there was no resilient surface under it. After J. T. was injured, Singletary notified BFTS about the incident. BFTS did an investigation and found no rule violations and no further action needed in investigating the incident, due to adequate supervision and the teacher's immediate response to the incident. After the incident, Singletary removed the truck from the playground and took it to a landfill.

In an affidavit, the teacher who was supervising J. T.'s class – Disheiki Young – testified that she was physically present, attentive, and standing within 20 feet of J. T. when the child was injured. Young was helping another child and did not see J.

3

T.'s fall, but she reviewed a video of the incident and saw that J. T. "voluntarily and suddenly jumped from the truck[.]" Young further asserted that, in her experience, no other children had climbed on the truck and jumped off it as J. T. did that day.

The Center filed a motion for summary judgment, arguing that its employees exercised reasonable care at all relevant times and that J. T.'s injury was not reasonably foreseeable. The trial court denied the motion, concluding simply that "genuine issues of material fact persist precluding summary judgment including questions of premises liability and negligence."

1. On appeal, the Center argues that it is entitled to summary judgment on Carter's premises liability claim because there is no evidence that there was a defective condition on the playground, or of the Center's superior knowledge of any purported defect. We agree.

Carter claims in its complaint that, prior to the incident, the Center and its employees had "actual and constructive knowledge of inadequate resilient material beneath its playground equipment." However, the BFTS representative who investigated the incident found no rule violations, related to the surface beneath the truck or otherwise. Singletary testified that, because the truck was under three feet tall, it was not required to have resilient material underneath it. During a prior 2014

inspection, the Center received a citation for having an inadequate resilient surface under a particular climbing structure.[1] However, the Center never received a citation for lacking a resilient surface under the truck at issue in this case, despite having undergone multiple inspections while the truck was present.

Carter has not provided evidence that the surface beneath the truck was insufficient or defective. Thus, Carter has not set forth specific facts showing that there is a genuine issue for trial regarding the material beneath the playground equipment. See OCGA § 9-11-56 (c), (e); *Roth v. Wu*, 199 Ga. App. 665, 666 (1) (405 SE2d 741) (1991) (concluding that, where alleged "defects" did not constitute a breach by landlord of any duty imposed by law and were such that they could have been avoided by tenants with ordinary care, trial court did not err by ruling that summary judgment in favor of landlord was proper).

2. The Center also contends on appeal that it is entitled to summary judgment on Carter's direct negligence, negligent hiring, training, and supervision, respondeat superior, and negligence per se claims. We agree.

---

[1] Ga. Comp. R. & Regs. r. 591-1-1-.26 (8) states that "[c]limbing and swinging equipment shall have a resilient surface beneath the equipment and the fall zone from such equipment must be adequately maintained by the Center to assure continuing resiliency." However, Carter does not provide evidence that the toy truck was considered "climbing or swinging equipment" that would be subject to this rule.

To determine whether a childcare provider breached their duty of care to the child, we must compare their actions to "the standard of the average responsible parent." *Ball v. Bright Horizons Children Ctr., Inc.*, 260 Ga. App. 158, 162 (578 SE2d 923) (2003). A daycare provider "is not an insurer of the safety of the child and has no duty to foresee and guard against every possible hazard." (Citation and punctuation omitted.) Id. (citing *La Petite Academy v. Turner*, 247 Ga. App. 360, 361-362 (543 SE2d 393) (2000); *Wallace v. Boys Club of Albany*, 211 Ga. App. 534, 535 (1) (439 SE2d 746) (1993); *Laite v. Baxter*, 126 Ga. App. 743, 745-746 (2) (191 SE2d 531) (1972)).

Mindful of this legal framework, we conclude that summary judgment should have been granted to the Center on Carter's negligence claims. Carter urges that J. T.'s teacher, Young, breached her duty of reasonable care, allowing J. T. to be injured. However, the only evidence concerning Young's activities at the time of the incident are provided in Young's affidavit and BFTS's findings. Among other things, Young testified that she was physically present and attentive to J. T. while she played on the truck. Moreover, she later saw in video footage that J. T. climbed onto the truck and jumped off it in a way that she had not seen other children do.

6

Carter has not identified any evidence suggesting that the Center or any of its employees breached their duty of care to J. T. She has not identified any evidence suggesting that Young was distracted instead of watching the children, that Young had any reason to believe J. T. would climb onto the truck and jump off it in the manner she did, or that there were too many children for a single teacher to supervise. Instead, Carter has merely established that J. T. was injured while in the Center's care. This is not enough to survive summary judgment. See *Ball*, 260 Ga. App. at 163 (because a daycare provider is not the insurer of a child's safety, it is a misstatement of law to assert that supervision was negligent because an injury occurred).

As to Carter's negligent hiring, training, and supervision claims, she has produced no evidence in support of those claims. Summary judgment is proper because there is no evidence proffered that it was reasonably foreseeable to the Center that Young had any "tendencies" or propensities suggesting that she could cause the type of harm sustained by J. T. See *Munroe v. Universal Health Servs., Inc.*, 277 Ga. 861, 863 (1) (596 SE2d 604) (2004) ("[T]he relevant question is whether [the Center] knew or in the exercise of ordinary care should have known that [Young], the employee it hired and retained to perform duties involving personal contact with

7

[children], was unsuitable for that position because [s]he posed a reasonably foreseeable risk of personal harm to [J. T.]").

As to Carter's respondeat superior claim,

> [t]he doctrine of respondeat superior holds the master responsible for the negligent act of his servant, committed while the servant is acting within the general scope of his employment and engaged in his master's business. The negligence of the master in such a case is entirely derivative from the servant's negligence.

(Citation omitted.) *Hillside Orchard Farms v. Murphy*, 222 Ga. App. 106, 109 (1) (473 SE2d 181) (1996). Because Carter has not identified evidence suggesting that any employee was negligent, it follows that the Center was also entitled to summary judgment on the respondeat superior claim. Id.

As to her negligence per se claim, Carter lists numerous Rules of the Georgia Department of Human Resources and the Office of School Readiness and broadly states that the Center's violations of those rules constitutes negligence per se. However, Carter does not specify how she claims most of those rules were violated.[2]

---

[2] Carter cites Ga. Comp. R. & Regs. r. 591-1-1-.29 (1) (c), which addresses required reporting of certain injuries within a certain timeframe. However, the record shows that Singletary reported the injury to the Office of School Readiness the following day as required. Carter also cites rules regarding the Center's duty to notify parents of injuries, but she voluntarily abandoned this claim in her response to the

8

She cites Ga. Comp. R. & Regs. r. 591-1-1-.26 (8), which addresses the resilient surfaces required beneath climbing and swinging equipment on playgrounds, but she provides no evidence that the toy truck was considered "climbing or swinging equipment" that would be subject to this rule. The Center never received a citation for lacking a resilient surface under the truck at issue in this case, despite having undergone multiple inspections while the truck was present. Singletary testified that no resilient surface was required because the truck was less than three feet tall. And Young had not seen other children climb on the truck the way J. T. did when she got injured.

Morever, BFTS did an investigation and found no rule violations and no further action needed in investigating the incident, due to adequate supervision and the teacher's immediate response to the incident. Carter's allegation that the Center violated an applicable law or regulation, resulting in negligence per se, is without merit, and the Center is entitled to summary judgment on any such claim.

3. The Center also argues that the trial court erred when it did not summarily dismiss Carter's spoliation and bad faith claims. In its response to the Center's motion for summary judgment, Carter argued that, because the Center destroyed the truck,

Center's motion for summary judgment.

"summary judgment is impossible." However, Carter's allegation of spoliation does not change the result that the Center was entitled to summary judgment on Carter's claims.

The duty of a defendant to preserve relevant evidence arises when it "knows or reasonably should know that . . . the plaintiff[] is in fact contemplating litigation, which the cases often refer to in terms of 'notice' to the defendant." *Phillips v. Harmon*, 297 Ga. 386, 396 (II) (774 SE2d 596) (2015).

Here, the trial court did not address whether the Center had a duty to preserve the truck. However, six months passed after the underlying incident occurred before Carter's counsel made his first contact with the Center through a letter stating his representation of Carter. In that letter, there was no request for preservation of any evidence. Singletary denies that she contemplated this litigation when she removed the truck from the premises. And the notes from the BFTS consultant who investigated the incident indicate that the truck was still on the playground when she investigated the facility eight days after the incident.

Moreover, Carter reviewed the video of the incident preserved by the Center weeks after the incident, but Carter did not request preservation of the truck, the surface beneath the truck, or the video, and did not indicate at that time any intention

10

to sue the Center. However, "even if evidence was wrongfully destroyed, the injured party still must show prejudice, and the grant of summary judgment is appropriate if the injured party cannot establish any causal link between the failure of his underlying claims and the alleged misconduct by the defendant." (Citations and punctuation omitted.) *Craig v. Bailey Bros. Realty*, 304 Ga. App. 794, 797 (1) (697 SE2d 888) (2010). Under these circumstances, the Center's failure to preserve the truck did not preclude it from being entitled to summary judgment on Carter's claims. See *Phillips*, 297 Ga. at 396 (II).

Carter also contended that the Center acted in bad faith and was stubbornly litigious, entitling her to attorney fees under OCGA § 13-6-11, which provides that "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow [litigation expenses.]" Here, there is no evidence that the Center acted in bad faith in any manner, and Carter does not specifically point to any evidence in support of her claim other than the same evidence she cites to support her negligence claims. Because Carter did not establish a prima facie case of negligence, it follows that her derivative claims based on bad faith also fail. See *D. G. Jenkins Homes, Inc. v. Wood*, 261 Ga. App. 322, 325 (3) (582 SE2d 478) (2003). In sum, Carter could not succeed on any

11

of her claims, and the trial court therefore erred in denying the Center's motion for summary judgment.

*Judgment reversed. Brown and Hodges, JJ., concur*.