A04A1866. PAZUR v. BELCHER.
(612 SE2d 481)

ADAMS, Judge.

On May 16, 1996, Theodore Pazur filed a suit for breach of contract and conversion against Med-Quip, Inc., contending that Med-Quip failed to pay commissions he earned while he was employed by Med-Quip as a salesman. Med-Quip timely answered the complaint. On June 11, 2002, a little over six years after the complaint was filed and after Med-Quip had been sold to another corporation, Pazur filed a motion for leave to add Med-Quip's primary shareholder, Vicki Belcher, as a party. The motion to add Belcher as a party was granted on November 15, 2002.

On July 16, 2002, the trial court entered an order requiring Med-Quip to retain legal counsel. Med-Quip failed to comply with this order, and on September 6, 2002, Pazur moved to strike Med-Quip's answer and have Med-Quip declared in default. On November 18, 2002, the trial court entered a default judgment as to liability against

Med-Quip, but damages were not adjudicated at that time. Approximately one month later, on December 16, 2002, Pazur filed a complaint against Belcher, which he amended on January 13, 2003, asserting claims based on piercing the corporate veil and for attorney fees. Belcher subsequently moved to dismiss the complaint, contending that the applicable limitation periods had expired on Pazur's claims.

On June 23, 2003, following a hearing on damages, the trial court entered judgment against Med-Quip and awarded Pazur $5,897.64 on his conversion claim, $7,262.76 on his breach of contract claim, an additional $50,000 for consequential damages, and $10,270 for attorney fees. On September 22, 2003, the trial court granted Belcher's motion to dismiss, finding that Pazur's claims against her were barred by the statutes of limitation. Pazur appeals.

1. Pazur argues that the trial court erred in applying the statutes of limitation applicable to the causes of action asserted against the corporation in his original complaint because his amended complaint against Belcher was in the nature of an action to enforce a judgment based on piercing the corporate veil. Thus, he argues that his complaint against Belcher was governed by the seven-year limitation period found in OCGA § 9-12-60. But a review of the cases from other jurisdictions that Pazur cites in support of this contention reveals that they all contain a common thread not present here. In those cases, a judgment was first obtained against the corporation and the action to pierce the corporate veil and hold the shareholders or directors liable for that judgment was brought as a subsequent, separate action. *The Oceanics Schools, Inc. v. Barbour*, 112 SW3d 135, 143 (2003); *The Norwood Group & a. v. Phillips & a.*, 149 N.H. 722 (828 A2d 300) (2003); *Backus v. Watson*, 619 S2d 1342 (1993); *Solow v. Domestic Stone Erectors*, 229 A.D.2d 312 (645 N.Y.S.2d 17) (1996); *Belleville v. Hanby*, 152 Mich. App. 548 (394 NW2d 412) (1986); *Taylor v. Newton*, 117 Cal. App.2d 752 (257 P2d 68) (1953).

In contrast, in this case Pazur did not bring a separate post-judgment action specifically to enforce a judgment but instead sought to add Belcher as a party to his breach of contract and conversion lawsuit against the corporation before final judgment against the corporation had been entered.[1] We are thus hard pressed to accept

---

[1] Although the corporation was found in default shortly after Pazur was granted leave to add Belcher as a party, the judgment awarding money damages was not entered until months after the second amended complaint was filed against her. And this Court has previously held that a trial court's entry of a default judgment as to the issue of liability only which leaves the issue of damages to be adjudicated is not a "final judgment" since it does not dispose of the entire controversy between the parties. *Griffin v. Rutland*, 259 Ga. App. 846, 847-848 (2) (578 SE2d 540) (2003); *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000); *Davis*

Pazur's argument that the seven-year limitation for enforcement of judgments governs here, as there was no final judgment to be enforced at the time he filed his amended complaint against Belcher.

Moreover, other courts have disallowed attempts to enforce a judgment against an alleged alter ego defendant by adding that defendant as a party to the action in which the judgment against the corporation was obtained. As the Court of Appeals of Tennessee noted "the plaintiff's proper remedy was to 'pursue its claims against [the alter ego defendant] in a separate suit . . . to attempt to pierce the corporate veil.'" *Oceanics Schools*, 112 SW3d at 142.

Lastly, although not involving an alter ego situation, the case of *C-Staff, Inc. v. Liberty Mut. Ins. Co.*, 275 Ga. 624 (571 SE2d 383) (2002) is also instructive here. In that case, the United States Court of Appeals for the Eleventh Circuit certified to the Supreme Court of Georgia the question of whether OCGA § 9-11-69 authorized a judgment creditor to implead and hold liable persons who were not parties to the underlying judgment. Id. The Court held that it did not, because "[i]n Georgia, a judgment-creditor must initiate a separate civil action against persons it claims are liable for a judgment to which they were not parties by filing a complaint and serving the defendants under the procedures set forth in the Civil Practice Act." Id.

2. Pazur also contends that the trial court erred by failing to find that the second amended complaint filed against Belcher related back to the filing of the original complaint.

> In order to invoke the relation-back provisions of [OCGA § 9-11-15 (c)], the moving party must show that each of the following three conditions is met: (1) the amendment adding the new defendant arose out of the same facts as the original complaint; (2) the new defendant had sufficient notice of the action (that he will not be prejudiced in maintaining his defense on the merits); and (3) the new defendant knew or should have known that but for a mistake concerning his identity as a proper party, the action would have been brought against him.

*Parks v. Hyundai Motor America*, 258 Ga. App. 876, 880-881 (3) (575 SE2d 673) (2002).

First, as a general matter, we fail to see how the relation-back doctrine would be applicable under the circumstances here — where

*v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773, 774 (503 SE2d 649) (1998).

the action sought to be related back is, by Pazur's own characterization, an action to enforce a judgment and is, according to Pazur, wholly separate and distinct from the causes of action asserted against the corporation in the original complaint. Moreover, we find unpersuasive Pazur's strained argument that although he was aware of Belcher's status as primary shareholder and "owner" of Med-Quip, he was nevertheless unaware of her identity as Med-Quip's alter ego. And we likewise find unavailing his related assertion that "Belcher was clearly aware that her exclusion for the original complaint was due to [his] mistaken belief that she and Med-Quip were separate entities and that she was protected by the corporate form." This enumeration thus also affords no basis for reversal of the trial court's order dismissing Pazur's claims against Belcher.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 20, 2004 —
RECONSIDERATION DENIED MARCH 25, 2005 — 

*Foltz & Martin, Kevin H. Hudson, Michael D. Robl,* for appellant.
*Fain, Major, Wiley & Brennan, Wayne C. Wilson,* for appellee.