A07A0492. THOMAS v. MEDICAL CENTER OF CENTRAL
GEORGIA.
(648 SE2d 409)

JOHNSON, Presiding Judge.

Joanne Thomas appeals the trial court's grant of partial summary judgment as to claims of nursing malpractice asserted in her amended complaint. We find no error and affirm the trial court's judgment.

The facts show that LaTonya Bonner went to the emergency center at Medical Center of Central Georgia ("MCCG") on August 6, 2002, where she was seen by Dr. Gregory Whatley. She was discharged the same day and subsequently died later that day. Thomas, as administrator of Bonner's estate, filed a wrongful death action against Whatley and alleged MCCG was responsible for Whatley's negligence under the theories of agency and respondeat superior. In accordance with OCGA § 9-11-9.1, Thomas attached a supporting affidavit alleging medical negligence against Whatley.

On October 3, 2005, more than one year after the statute of limitation had expired, Thomas filed an amended complaint, alleging MCCG was responsible for acts of professional malpractice by certain nurses under a theory of respondeat superior. Thomas attached an expert affidavit to her amended complaint alleging at least one act of negligence against the nurses. MCCG filed a motion for partial summary judgment, asserting the claims of nursing malpractice alleged in Thomas' amended complaint were barred by the statute of limitation. The trial court agreed and granted MCCG's motion for summary judgment. We find no error.

OCGA § 9-3-33 provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues. . . ." In the present case, it is undisputed that any wrongful death action

accrued no later than August 6, 2002, the date of Bonner's death. It is clear from the record that Thomas did not initiate any claim against nurse professionals within the applicable limitation period. Thomas also failed to make a claim against MCCG based on the nurse professionals' conduct within the limitation period.

Thomas argues that her amended complaint did not add a new party or a new claim because the original complaint alleged MCCG was liable for Bonner's wrongful death based on the theory of vicarious liability, the same as the amended complaint. We disagree. Thomas' original complaint did not allege any negligence on the part of any nurse employed by MCCG, and the attached expert affidavit did not allege any act of negligence by any health care professional other than Whatley. So, while the theory of recovery against MCCG may have been the same in both complaints, the underlying liability clearly added a new claim for recovery.

It is well established that MCCG's vicarious liability in the amended complaint could only be a potential consequence of the nurses' direct liability.[1]

> The doctrine of respondeat superior holds the master responsible for the [negligence] of his servant, committed while the servant is acting within the general scope of his employment and engaged in his master's business. The negligence of the master in such a case is entirely derivative from the servant's negligence.[2]

With respect to the claims of nursing negligence, MCCG's vicarious liability is entirely derivative of the nurses' alleged professional malpractice. This claim of recovery was not raised in Thomas' original complaint and is time-barred.

According to Thomas, since her original expert affidavit alleged one negligent act attributable to MCCG, she could raise additional grounds for her respondeat superior claim without filing any other affidavits. This claim lacks merit, and Thomas' reliance on *Porquez v. Washington*[3] is misplaced. A plaintiff may amend an expert affidavit to cure an allegedly defective affidavit accompanying a charge of professional malpractice.[4] This includes presenting additional evidence of deviation from the standard of care against defendants sued in the original complaint in order to meet the requirement that the affidavit set forth at least one claimed negligent act or omission by

---

[1] See *Hillside Orchard Farms v. Murphy*, 222 Ga. App. 106, 109 (1) (473 SE2d 181) (1996).

[2] (Citation and punctuation omitted.) Id.

[3] 268 Ga. 649 (492 SE2d 665) (1997).

[4] OCGA § 9-11-9.1 (b).

each defendant.[5] However, we can find no case law, and Thomas cites no case law, permitting her to add new claims of vicarious liability and allowing them to relate back to the filing of the original complaint. To allow a plaintiff to switch or add professionals upon which she bases her claims would certainly frustrate the intent of OCGA § 9-11-9.1.

In her amended complaint, Thomas alleged a new theory of professional malpractice on the part of the nurses and asserted vicarious liability on the part of MCCG. In so doing, she attempted to commence a new action based on the conduct of different professionals outside the statute of limitation. In fact, Thomas' filing of an expert affidavit supporting the claims in her amended complaint shows that she recognized the claims presented in the amended complaint were new and different from those presented in her original complaint.[6] The trial court did not err in granting MCCG's motion for partial summary judgment with respect to the claims of nursing malpractice asserted in Thomas' amended complaint.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED MAY 29, 2007 —
RECONSIDERATION DENIED JUNE 26, 2007 — 

*Cochran, Cherry, Givens, Smith & Sistrunk, Audrey M. Tolson, Jane L. Sams*, for appellant.

*Pursley, Lowery & Meeks, Roy H. Meeks, Jr., McCall, Phillips & Williams, Paul G. Phillips*, for appellee.

---

[5] *Porquez*, supra at 652 (1).

[6] OCGA § 9-11-9.1 (a) requires an affidavit setting forth at least one act of negligence as to each professional whose conduct is challenged as negligent.