**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 11, 2012**

# In the Court of Appeals of Georgia

A12A1170. JENSEN v. ENGLER et al.

MILLER, Presiding Judge.

We granted this application for interlocutory appeal to consider the trial court's denial of Dr. Kevin L. Jensen's motion to dismiss professional negligence and battery claims brought against him by Yong Ha Engler, as surviving spouse and administrator of the estate of Mr. Eric Walter Engler. On appeal, Dr. Jensen asserts that the trial court erred by allowing Engler to amend her original complaint after the expiration of the statute of limitation to add claims for professional negligence and battery. For the reasons set forth below, we affirm the trial court's ruling.

"On appeal, this Court reviews the denial of a motion to dismiss de novo. However, we construe the pleadings in the light most favorable to the plaintiff with

any doubts resolved in her favor." (Footnote omitted.) *Comprehensive Pain Mgmt. v. Blakely*, 312 Ga. App. 721 (719 SE2d 579) (2011).

So viewed, Engler's complaint alleged that on May 1, 2008, Dr. Jensen performed laparoscopic gallbladder surgery on Mr. Engler. Mr. Engler was discharged the following day. On May 6, 2008, Mr. Engler returned and presented to the emergency department at Gwinnett Medical Center with signs of an emerging infection. Although the emergency room doctor called Dr. Jensen to discuss Mr. Engler's case, Dr. Jensen did not go to the hospital to personally examine Mr. Engler. Dr. Jensen indicated that he would instead see Mr. Engler three days later, at his previously scheduled follow-up appointment. Mr. Engler was discharged from the hospital.

On May 8, 2008, two days later, Mr. Engler collapsed at his home. Upon the arrival of emergency medical services, Mr. Engler had no detectable pulse and was believed to be in cardiac arrest. He was transported to Gwinnett Medical Center; the emergency medical technicians noted that Mr. Engler's abdomen was extremely swollen and the sutures had begun to open in the middle of his abdomen and chest. All efforts to resuscitate Mr. Engler were unsuccessful, and he was pronounced dead. According to the autopsy examination conducted the following day, Mr. Engler died

2

as a result of an acute bacterial infection caused by thermal burns in the area where Dr. Jensen had performed the laparoscopic surgery.

On March 5, 2010, Engler filed suit against several defendants,[1] including Dr. Jensen. Her original complaint raised a claim of ordinary negligence against Dr. Jensen for his failure to ensure the proper functioning of certain monitoring equipment during Mr. Engler's surgery so as to prevent thermal burn injuries. Dr. Jensen subsequently moved to dismiss the suit on the basis that Engler's claims actually sounded in professional negligence and her complaint was not accompanied by the requisite expert affidavit.[2] The trial court denied the motion, finding that the allegations in Engler's complaint did not disclose with certainty that she would not be entitled to relief on a claim of ordinary negligence against Dr. Jensen.

On July 15, 2011, Engler amended her complaint to include, in addition to the ordinary negligence claim, new claims against Dr. Jensen for professional negligence

---

[1] The other defendants are not parties to this appeal.

[2] See OCGA § 9-11-9.1 (a) (1), (g) (11) ("In any action for damages alleging professional malpractice against . . . [a] professional licensed by the State of Georgia . . . [,including medical doctors,] . . . [t]he plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.") (punctuation omitted).

and battery. In light of the new professional negligence claim, she also filed the requisite expert affidavit along with her amended complaint. Engler's professional negligence claim was based upon Dr. Jensen's failure to come to the hospital on May 6, 2008, and personally evaluate and investigate the cause of Mr. Engler's post-surgical symptoms. Her new battery claim was based upon Dr. Jensen's deviation from the informed consent signed by Mr. Engler prior to his surgery. Dr. Jensen filed a second motion to dismiss, arguing that Engler's new claims for professional negligence and battery were barred. Following a hearing, the trial court denied Dr. Jensen's motion and issued a certificate of immediate review.

1. In his first enumeration of error, Dr. Jensen contends that the trial court erred in failing to dismiss Engler's professional negligence claim because (a) it was barred due to Engler's failure to file an expert affidavit with her original complaint; and (b) it was otherwise time-barred by the statute of limitation since it did not "relate back" to the original complaint.

(a) Dr. Jensen argues that Engler's failure to file an expert affidavit along with her original complaint was fatal to her subsequent professional negligence claim. We disagree.

4

As noted above, a plaintiff is required to attach an OCGA § 9-11-9.1 expert affidavit to a complaint raising a claim for medical malpractice against a medical doctor. See OCGA § 9-11-9.1 (a) (1), (g) (11). Absent compliance with the expert affidavit requirement, a medical malpractice claim is subject to dismissal for failure to state a claim. See *Roberson v. Northup*, 302 Ga. App. 405, 406 (691 SE2d 547) (2010). Here, however, as the trial court recognized, Engler's original complaint raised only a claim of ordinary negligence,[3] and therefore the OCGA § 9-11-9.1 affidavit requirement was not implicated at the time that the original complaint was filed. See *OKelley v. Atlanta Heart Assoc.*, 316 Ga. App. 218, 219 (728 SE2d 313) (2012).

Citing *Fales v. Jacobs*, 263 Ga. App. 461, 462 (588 SE2d 294) (2003), Dr. Jensen nevertheless claims that the contemporaneous affidavit filing requirement of OCGA § 9-11-9.1 (a) would be negated if a plaintiff was allowed to bring an ordinary negligence claim without an affidavit, and then later add claims for professional negligence after the expiration of the statute of limitation. *Fales*, however, is inapplicable to the instant situation. There, the plaintiff originally brought a medical

---

[3] We note that Dr. Jensen does not challenge the trial court's denial of his motion to dismiss Engler's original, ordinary negligence claim for her failure to attach an OCGA § 9-11-9.1 expert affidavit.

5

malpractice claim, but failed to attach the requisite expert affidavit. *Fales*, supra, 263 Ga. App. at 461. The plaintiff instead filed an amended complaint that included an expert affidavit, claiming that OCGA § 9-11-9.1 allowed an amended complaint to cure a failure to file an affidavit. Id. at 461-462. This Court rejected the plaintiff's argument. Id. at 462; see also *Roberson*, supra, 302 Ga. App. at 407 (holding that OCGA § 9-11-9.1 does not allow a plaintiff suing for medical malpractice to cure a failure to attach an expert affidavit through amendment). Here, on the other hand, Engler did not raise a medical malpractice claim in her original complaint, thereby obviating the need to file an expert affidavit at that time. Engler subsequently filed an expert affidavit with her amended complaint only because she had raised a new claim for medical malpractice, in addition to the ordinary negligence claim, that was based on different factual allegations. Thus, the pleadings do not reflect that Engler's amended complaint was an improper attempt to cure any original failure to file an expert affidavit or otherwise avoid the contemporaneous filing requirement of OCGA § 9-11-9.1 (a). And because Engler filed the required expert affidavit contemporaneously with the filing of her professional negligence claim, she satisfied the requirements of OCGA § 9-11-9.1 (a).

6

(b) Dr. Jensen further contends that Engler's professional negligence claim was time-barred by the relevant statute of limitation because the new claim was based upon different factual allegations than the original ordinary negligence claim, and therefore did not "relate back" to the date of Engler's original complaint. Again, we disagree.

"[A]n action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." (Punctuation omitted.) OCGA § 9-3-71 (a). As Mr. Engler died on May 8, 2008, the statute of limitation on a medical malpractice claim, brought in Engler's personal capacity as surviving spouse, expired on May 8, 2010. In addition, since Engler was appointed administrator of Mr. Engler's estate on January 22, 2009, the statute of limitation on a medical malpractice claim, brought in Engler's capacity as administrator, expired on January 22, 2011. See OCGA § 9-3-92 (tolling the statute of limitation from the date of death until the commencement of representation upon the decedent's estate, provided that such time shall not exceed five years). Thus, in raising her professional negligence claim for the first time on July 15, 2011, the statute of limitation had already expired.

However, pursuant to OCGA § 9-11-15 (a), "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order."[4] (Punctuation omitted.) Moreover, "[w]henever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." (Punctuation omitted.) OCGA § 9-11-15 (c); see *Deering v. Keever*, 282 Ga. 161, 163 (646 SE2d 262) (2007) ("Under OCGA § 9-11-15, an amendment to a complaint may raise a new cause of action[.]") (citation and punctuation omitted). This Court has held that "OCGA § 9-11-15 (c) should be liberally construed to effect its purpose of ameliorating the impact of the statute of limitation." (Citation omitted.) *Morris v. Chewning*, 201 Ga. App. 658, 659 (411 SE2d 891) (1991); see also *Deering*, supra, 282 Ga. at 163 ("OCGA § 9-11-15 is liberally construed in favor of allowing amendments.") (citation omitted).

Despite Dr. Jensen's contention that Engler's professional negligence claim had to be based upon the same factual allegations giving rise to her original ordinary negligence claim in order to relate back to the original complaint, such is not the

---

[4] Nothing in the record indicates that a pretrial order had been entered.

8

standard under OCGA § 9-11-15 (c).[5] As set forth above, the standard is whether the professional negligence claim arose "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" (Punctuation omitted.) Id. Moreover,

> the question of relation back of the amendment turns on fair notice of the *same general fact situation* from which the claim arises. It is apparent that the strict rule of no relation back of the amendment to the time of filing the original complaint because of the assertion of a new cause of action is no longer applicable unless the causes of the action are not only different but *arise out of wholly different facts.*

(Citation and punctuation omitted; emphasis in original.) *Smith v. Wilfong*, 218 Ga. App. 503, 505-506 (1) (462 SE2d 163) (1995).

---

[5] Dr. Jensen analogizes this case to *Pazur v. Belcher*, 272 Ga. App. 456, 458-459 (2) (612 SE2d 481) (2004), in which this Court noted that the relation-back doctrine would be inapplicable where the plaintiff characterized his new, amended action against a new defendant as "wholly separate and distinct from the causes of action asserted against the [defendant] in the original complaint." (Punctuation omitted.) Unlike the plaintiff's characterization in *Pazur*, however, Engler's amended complaint merely described her professional negligence claim as arising out of "different factual allegations" – and as explained herein, it otherwise arose out of the same conduct, transaction, or occurrence set forth in the original complaint.

9

Here, both the original complaint and the amended complaint set forth allegations based upon Mr. Engler's surgery, emergency room visit, and discharge.[6] Specifically, Dr. Jensen's follow-up care relating to the laparoscopic gallbladder surgery he performed on Mr. Engler just five days earlier was all part of the same general fact situation and did not arise from wholly different facts. Cf. *Smith*, supra, 218 Ga. App. at 505-506 (1) (concluding that the alleged malpractice in diagnosing the plaintiff's kidney problem, which was raised in the original complaint, and the alleged battery involved in the operation due to the claimed fraudulently obtained consent, which was raised in the amended complaint, were part of the same general fact situation and did not arise from wholly different facts). Thus, the professional negligence claim asserted in Engler's amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original complaint. See OCGA § 9-11-15 (c).

Therefore, the new professional negligence claim related back to the date of the original complaint and was not barred by the two-year statute of limitation.

---

[6] Engler did not raise a professional negligence claim in the original complaint, however, because it was not until after discovery that additional evidence was found suggesting that Dr. Jensen deviated from the applicable standard of care during Mr. Engler's emergency room visit.

Accordingly, the trial court did not err in denying Dr. Jensen's motion to dismiss Engler's professional negligence claim.

2. Dr. Jensen also contends that the trial court erred by allowing Engler to amend her complaint after the expiration of the statute of limitation to add a new claim for battery. Dr. Jensen specifically argues that because the battery claim was actually a claim for professional negligence, it should have been dismissed for the same reasons he asserted in support of dismissing Engler's professional negligence claim. However, even if we were to assume, without deciding, that Engler's battery claim was in fact one for professional negligence, Dr. Jensen's arguments in favor of dismissal must fail for the same reasons set forth in Division 1 above. That is, the claim arose out of the same conduct, transaction, or occurrence set forth in the original complaint, and Engler's failure to file an expert affidavit along with her original complaint did not bar the subsequent claim. Therefore, the trial court did not err in denying Dr. Jensen's motion to dismiss Engler's battery claim.

*Judgment affirmed. Ray and Branch, JJ., concur.*