**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 27, 2016**

# In the Court of Appeals of Georgia

A16A1121. HOSPITAL SPECIALISTS OF GEORGIA, P. C. v. DO-044 GRAY et al.

DOYLE, Chief Judge.

This case arises from the trial court's denial of Hospital Specialists of Georgia, P. C.'s ("HSG") motion for summary judgment. Because we hold that the trial court correctly allowed the plaintiffs to substitute the name of one doctor for that of another doctor after the expiration of the statute of limitation, we affirm.

On December 19, 2011, John William Gray, Jr., ("the plaintiff") filed a wrongful death action alleging that various instances of medical malpractice resulted in the death of his wife, Cynthia Gray. Cynthia, who was 55 at the time, had undergone total knee replacement surgery, but after surgery she aspirated into her lungs, developed acute respiratory distress syndrome ("ARDS"), suffered a cardiac

arrest, and then complete organ failure, eventually dying. Pertinent to this appeal, the plaintiff alleged in the complaint that Dr. Allen Garrison was an agent or employee of HSG, and Dr. Garrison violated the standard of care on or about January 2, 2010, as more fully stated in the attached affidavit, which violation resulted in Cynthia's death. In the attached affidavit, Dr. Jeffrey Schwartz averred that "[o]n January 2, 2010, at 9:30 a.m., Dr. Allen Garrison, who appears to be acting as the attending physician for Ms. Gray, ordered a consultation with pulmonologist Dr. Mark Hendricks, given that Ms. Gray had suffered pulmonary issues since her admission on December 31, 2009. . . . Dr. Hendricks did not appear [for the consultation]." Dr. Schwartz opined that a breach of the standard of care occurred when the pulmonolgist failed to see Cynthia for ten hours subsequent to the initial consult order, and if that failure was caused by Dr. Garrison's failure to follow up on the order, then Dr. Garrison breached the standard of care.

On January 11, 2012, after the complaint was filed, HSG's counsel met with Dr. Garrison, and it was discovered that Dr. Janine Ellis was actually the HSG physician who had treated Cynthia during the pertinent time. HSG's counsel contacted Dr. Ellis on January 23, 2012, and discussed the complaint and its contents,

2

including the fact that Dr. Ellis and not Dr. Garrison was the doctor who had performed the acts that the complaint alleged to be negligent.

On August 3, 2015, HSG moved for summary judgment, contending that there was no record evidence of negligence on the part of Dr. Garrison, and the trial court should grant summary judgment in its favor.

On August 19, 2015, the plaintiff filed a second amended complaint in which it clarified that Dr. Ellis and not Dr. Garrison was the physician for whom HSG was vicariously liable because Dr. Ellis was the physician who had ordered the pulmonology consult on the morning of January 2, 2010. The affidavit of Dr. Robert Holloway was attached, and his opinion concluded (as had Dr. Schwartz's affidavit) that Dr. Ellis was negligent in failing to have a pulmonologist treat Cynthia immediately. The plaintiff explained that the misnomer of Dr. Garrison was based on the signatures on the patient notes.

The trial court denied HSG's motion for summary judgment on September 15, 2015, but issued a certificate of immediate review. This Court granted HSG's application for interlocutory appeal, and HSG now argues that its motion for summary judgment should have been granted because the second amended complaint substituting Dr. Ellis for Dr. Garrison cannot relate back to the first amended

3

complaint, therefore rendering it time barred, and because no record evidence exists to establish that Dr. Garrison violated the standard of care. We disagree.

Before the trial court and in its brief on appeal, HSG relies on *Thomas v. Medical Center of Central Ga.*,[1] in support of its argument that the claim against HSG cannot be amended to contend that Dr. Ellis rather than Dr. Garrison allegedly deviated from the standard of care when treating Ms. Gray on January 2 at 9:30 a.m. *Thomas* is inapposite to the case at hand.

In *Thomas*, the plaintiff initially filed a complaint and supporting affidavit asserting a vicarious liability claim against the medical center defendant based on the alleged professional negligence of a doctor.[2] After the expiration of the statute of limitations, the plaintiff attempted to add claims of vicarious liability based on the professional negligence of various nurses.[3] This Court concluded that such a new claim of vicarious liability could not be added after the statute of limitation had expired because the plaintiff (1) failed to file any such claims previously, (2) failed to file any timely expert affidavit supporting claims of nursing professional

---

[1] 286 Ga. App. 147 (648 SE2d 409) (2007).

[2] See id. at 147-148.

[3] See id. at 147-148.

4

negligence, and (3) failed to state in the original complaint any claim of ordinary negligence against the nurses that could have served as a basis of amending the complaint to add claims of vicarious liability for professional nursing negligence.[4]

In this case, the plaintiff simply corrected a misnomer and asserted the exact same breach of the standard of care under the exact same facts, even providing the same time, date, and method by which the doctor was alleged to have breached the standard of care in treating Cynthia. The second amended complaint therefore met the standard of OCGA § 9-11-15 (c). HSG has not been surprised by the claim, and they were aware almost immediately, and indeed, they notified Dr. Ellis about the malpractice allegations in the complaint within a month of service of the complaint. Moreover, the plaintiff has not attempted to add Dr. Ellis as a party defendant.

Finally, although it does appear that Dr. Schwartz's deposition did not support a claim against Dr. Ellis for a breach of the standard of care for her actions on January 2, the plaintiff provided an additional amended expert affidavit supporting the claim, and that physician deposed that Dr. Ellis breached the standard of care beginning at

---

[4] Compare with *Jensen v. Engler*, 317 Ga. App. 879, 881-882 (1) (a) (773 SE2d 52) (2012).

5

January 2 at 9:30 a.m. Such an amended affidavit was permissible,[5] and there is evidence of record creating a question of fact as to the issue of whether Dr. Ellis breached the standard of care.

Accordingly, we affirm the trial court's denial of HSG's motion for summary judgment.

*Judgment affirmed. Andrews, P. J. and Ray, J., concur.*

---

[5] See *Jensen*, 317 Ga. App. at 883-884 (1) (b).