**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 14, 2017**

# In the Court of Appeals of Georgia

A17A1208. OLLER et al. v. ROCKDALE HOSPITAL, LLC et al.

RAY, Judge.

Heather Oller, as the executor of the estate of Shirley Nobles, and David Nobles ("Appellants") filed a renewal complaint asserting medical malpractice claims against various defendants, including 24 On Physicians, PC ("24 On"). The trial court granted partial summary judgment to 24 On, finding that certain claims were barred by the statute of limitation. Appellants filed this appeal, contending that the trial court erred in concluding: (i) that any claims against 24 On for vicarious liability of its agents, other than those specifically named in the renewal complaint and OCGA § 9-11-9.1 affidavit, were barred by the expiration of the statute of limitation; (ii) that the language of the amended OCGA § 9-11-9.1 affidavit, as opposed to the timely filed renewal complaint, controls the determination of the expiration of the statute of

limitation; and (iii) that Appellants could not file an amended expert affidavit to conform to the renewal complaint and the evidence revealed during discovery. For the following reasons, we reverse.

The standard of review for an appeal from a grant of summary judgment is de novo, viewing the evidence in the light most favorable to the nonmoving party, to determine whether a genuine issue of material fact remains or whether the moving party is entitled to judgment as a matter of law. *Smith v. Lott*, 317 Ga. App. 37, 37 (730 SE2d 663) (2012).

So viewed, the record shows that Shirley Nobles ("Nobles") was admitted to Rockdale Medical Center on May 7, 2011. Three days later, Nobles was found unresponsive due to a hypoglycemic event. Nobles never regained full neurological function and was discharged for hospice care with a diagnosis of a severe brain injury caused by hypoglycemia. Nobles ultimately died on June 3, 2011.

The initial lawsuit was filed on May 10, 2013, against Lifepoint Hospitals, Inc., Rockdale Hospital, LLC d/b/a Rockdale Medical Center, Dr. Jeffrey C. Mitchell, Dr. Alunda E. Hunt, Rockdale Physician Practices, LLC, and Stacey V. Grant, RN. Appellants sought to recover wrongful death and estate damages for the acts and omissions leading to Nobles' untimely death. Pursuant to OCGA § 9-11-9.1,

2

Appellants simultaneously filed an expert affidavit of Dr. Robert Cooper. Appellants voluntarily dismissed the original complaint without prejudice on October 21, 2013, and filed a renewal complaint, pursuant to OCGA § 9-2-61, on March 18, 2014. In the renewal complaint, Appellants asserted their claims against 24 On Physicians, PC, as well as Rockdale Hospital, LLC d/b/a Rockdale Medical Center, Dr. Jeffrey C. Mitchell, Dr. Alunda E. Hunt, and Stacey V. Grant, RN. However, the OCGA § 9-11-9.1 affidavit that was filed with the renewal complaint did not specifically mention 24 On.

On April 23, 2014, 24 On filed a motion to dismiss on various grounds, including allegations that the second affidavit failed to set forth "even one negligent act or omission on the part of Defendant 24 On Physicians, PC." In response, on May 27, 2014, Appellants filed a third affidavit of Dr. Cooper, in order to include specific acts of negligence against 24 On. The trial court denied 24 On's motion to dismiss on June 4, 2014. Finally, on October 8, 2015, Appellants filed the fourth and final affidavit of Dr. Cooper which, inter alia, clarified that his expert opinion regarding negligence and breaches of the standard of care extended to 24 On's employees and

3

physicians who treated Nobles, bringing the language of the final affidavit in line with the averments of Count 1 of the renewal complaint.[1]

On March 16, 2016, 24 On filed a motion for partial summary judgment, contending that Appellants' claims for vicarious liability by any of 24 On's employees or physicians other than Dr. Mitchell and Dr. Hunt should be dismissed as untimely because such claims had been asserted after the expiration of the statute of limitation. Appellants responded on April 18, 2016, arguing that the statute of limitation for the claims on behalf of the estate had not expired prior to the assertion of the vicarious liability claims in the pleadings and that the fourth amended affidavit simply supported the existing claims in the renewal complaint. On September 12, 2016, the trial court entered an order granting 24 On's motion for partial summary judgment. Appellants filed a motion for reconsideration of the trial court's order on September 19, 2016. The trial court denied the motion for reconsideration on November 16, 2016, and issued a certificate of immediate review on November 22, 2016. We granted Appellants' application for interlocutory appeal, and this appeal ensued.

---

[1] Dr. Cooper later testified at his deposition that his amended affidavit was based, in part, on the acts or omissions of Dr. Syed, a physician employed by 24 On who had treated Nobles immediately after she was found unresponsive.

4

1. In three related enumerations of error, Appellants essentially contend that the trial court erred in determining that the vicarious liability claims against 24 On for the negligent acts of any of its physicians other than Dr. Mitchell and Dr. Hunt were barred by the expiration of the statute of limitation. For the reasons that follow, we agree.

(a) Appellants were not required to specifically name each physician for which 24 On was allegedly responsible in the renewal complaint. In an action for medical malpractice, Georgia law simply requires that "any pleading which sets forth a claim for relief . . . shall contain . . . [a] short and plain statement of the claims showing that the pleader is entitled to relief[.]" OCGA § 9-11-8 (a) (2) (A). In the renewal complaint, which was timely filed, Appellants claimed that 24 On was vicariously liable for the negligence of the *physicians that attended Shirley Nobles*" and that "*the treating physicians [were] actual and/or ostensible agents or otherwise servants and/or employees of . . . 24 On*[.]" (Emphasis supplied). As the agents for which 24 On was allegedly liable were identified as "the treating physicians" in the renewal complaint, 24 On was provided with sufficient notice of the agents for which it was allegedly responsible.

(b) In considering the statute of limitation, the renewal complaint is the controlling pleading in this case. Furthermore, as the renewal complaint contemplated physicians other than those specifically named in the initial expert affidavit, the amended expert affidavit did not assert new claims after the expiration of the statute of limitation.

This Court has held that an amended affidavit that was filed after the expiration of the statute of limitation did not state a new claim, and that the complaint therefore was the controlling pleading as to the statute of limitation. See *Bonner v. Peterson*, 301 Ga. App. 443, 445-448 (1) (687 SE2d 676) (2009). All that is required of an expert affidavit is that it "set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a) (3). Furthermore, OCGA § 9-11-9.1 (e) provides, in pertinent part:

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed on or before the close of discovery, that said affidavit is defective, the plaintiff's complaint shall be subject to dismissal for failure to state a claim, *except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective*.

6

(Emphasis supplied). It is well-settled that the purpose of OCGA § 9-11-9.1 is to avoid frivolous lawsuits, and that allowing a plaintiff to amend an expert affidavit does not frustrate this purpose. See *Porquez v. Washington*, 268 Ga. 649, 652 (1) (492 SE2d 665) (1997) (physical precedent only) (allowing the amendment of OCGA § 9-11-9.1 affidavit "does not defeat the purpose of the statute, but instead helps to insure that the complaint is not frivolous"); *Gadd v. Wilson & Co., Engineers & Architects*, 262 Ga. 234, 235 (416 SE2d 285) (1992) (initial OCGA § 9-11-9.1 affidavit which did not specifically identify defendant as a negligent party was curable by amendment, where the pleadings indicated that the defendant was implicitly the party to whom plaintiff was attributing the alleged negligence).

Here, Appellants were acting within the scope of the law when they filed the amended affidavit. The fourth and final affidavit of Dr. Cooper, though it was filed after the expiration of the statute of limitation, simply conformed to the language of the renewal complaint, and it corrected the language of the third affidavit to include the negligence of "24 On, [*and*] *its employees and physicians*[.]" Thus, when viewed in comparison to the language of the renewal complaint, which includes "the treating physicians as actual and/or ostensible agents or otherwise servants and/or employees

7

of . . . 24 On[,]" it is clear that the purpose of Dr. Cooper's fourth affidavit was simply to track the language of the renewal complaint.

The facts here can be distinguished from those in *Thomas v. Med. Ctr. of Central Ga.*, 286 Ga. App. 147 (648 SE2d 409) (2007), which 24 On cited as support for its contention that the fourth amended OCGA § 9-11-9.1 affidavit constituted a new claim outside of the statute of limitation. In *Thomas*, the plaintiff initially filed an initial complaint against the hospital alleging that it was responsible for the negligence of one if its physicians. After the expiration of the statute of limitation, however, the plaintiff filed an amended complaint and an amended expert affidavit to include the conduct of the hospital's nurses. Id. at 147-148. This Court held that the amended affidavit asserted a new claim based on the conduct of a group of professionals who were not contemplated in the initial complaint and, therefore, such a claim was barred by the expiration of the statute of limitation. In so holding, we reasoned that allowing a plaintiff to add a different group of professionals under such circumstances would frustrate the intent of OCGA § 9-11-9.1. Id. at 148-149. In the present case, however, the alleged negligence of the "treating physicians" who were agents or employees of 24 On was contemplated in the renewal complaint. Therefore,

8

the language of the fourth amended OCGA § 9-11-9.1 affidavit cannot be considered to state a new claim outside the expiration of the statute of limitation.

*Judgment reversed. Dillard, C. J., Ray, P. J., and Self, J., concur fully and specially*.

A17A1208. OLLER et al. v. ROCKDALE HOSPITAL, LLC et al.

DILLARD, Chief Judge.

I fully concur with the majority's well-reasoned opinion. I write separately to further address 24 On's argument that the renewal complaint cannot be amended to assert a vicarious liability claim involving Dr. Syed outside the statute of limitation.

I agree with the majority that the renewal complaint satisfies Georgia's notice-pleading requirements with respect to the alleged negligence of Nobles's treating physicians even if they were not specifically named in the complaint. But even if that were not the case, Georgia's Civil Practice Act allows for *initial* theories of liability to be amended as more information is discovered during the course of litigation.[1]

Specifically, OCGA § 9-11-15 (a) provides that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." And even after that, "the party may amend his pleading . . . by leave of court . . . ."[2] Moreover, such leave "shall be freely given when justice so

_____

[1] *See* OCGA § 9-11-15 (a); *see also Life Ins. Co. v. Meeks*, 274 Ga. App. 212, 216 (2) (2005) ("When entered, the pretrial order supersedes the pleadings and controls the subsequent scope and course of the action.").

[2] OCGA § 9-11-15 (a).

requires."[3] Indeed, we have held that OCGA § 9-11-15 (a) is to be forgivingly construed "in favor of the allowance of amendments, particularly when the party opposing the amendment is not prejudiced thereby."[4] Additionally, even if the Appellants never formally amend their complaint, OCGA § 9-11-15 (b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Thus, as discovery proceeds in this case, "[s]uch amendment of the pleadings . . . may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time . . . ."[5]

Finally, under OCGA § 9-11-15 (c), "[w]henever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." And here, 24 On has not alleged that Dr. Syed's treatment of Nobles arose out of separate and distinct set of circumstances from those

[3] *Id.*

[4] *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816, 817 (640 SE2d 343) (2006) (punctuation omitted); *see Thomas v. Tenet Healthsystem GB, Inc.*, 340 Ga. App. 70, 72 (796 SE2d 301) (2017) ("[W]e are to construe OCGA § 9–11–15 [forgivingly] in favor of allowing amendments.").

[5] OCGA § 9-11-15 (b).

set forth in the *initial* complaint. Instead, 24 On essentially argues that every theory of vicarious liability against it involving the treatment of Nobles by its physicians must include each treating physician's name in the renewal complaint. But as ably explained by the majority, that is not how notice pleading works. Indeed, the forgiving notice pleading standard of OCGA § 9-11-8 (a) (2) (A)—Georgia's statutory codification of Federal Rule of Civil Procedure 8 (a) (2)—is "the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."[6] Thus, while 24 On attempts to characterize the vicarious liability claim involving Dr. Syed as a separate time-barred claim, it is simply another theory

---

[6] *Swierkiewicz v. Sorema N. A.*, 534 U. S. 506, 514 (II) (122 Sct 992, 152 LE2d 1) (2002) (Thomas, J.); *see also Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 575 (I) (127 SCt 1955, 167 LE2d 929) (2007) (Stevens, J., dissenting) ("Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The merits of a claim would be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial."); *Walker v. Oglethorpe Power Corp.*, No. A17A0384, 2017 WL 2493285 at *15 (Ga. App. June 9, 2017) ("[I]n Georgia, it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. Instead, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed forgivingly and reasonably to achieve substantial justice consistent with the statutory requirements of the Act." (cleaned up)).

of vicarious liability against it for medical malpractice that may be raised, upon remand, in any manner authorized by OCGA § 9-11-15.[7]

I am authorized to state that Ray, P. J. and Self, J. join in this special concurrence.

---

[7] As aptly noted in the Georgia Trial Lawyers Association's amicus brief, we have recently held in the medical-malpractice context that, under OCGA § 9-11-15 (c), amendments filed outside the statute of limitation related back to the original complaint under circumstances similar to this case. *See Thomas*, 340 Ga. App. at 73-74 (holding that a claim that a medical facility was vicariously liable for negligence of its nurses during a plaintiff's visit to the emergency room that was filed outside the statute of limitation related back to the original complaint that alleged only that the medical center was vicariously liable for the negligence of its physicians during the same emergency room visit); *Jensen v. Yong Ha Engler*, 317 Ga. App. 879, 883-84 (1) (b), (2) (733 SE2d 52) (2012) (holding that claims of professional negligence and battery asserted outside the applicable statute of limitation related back to the plaintiff's timely ordinary negligence claim because, even if they did not arise from the same factual allegations, they arose from "out of the conduct, transaction, or occurrence set forth in the original pleading, which we described as the plaintiff's "surgery, emergency room visit, and discharge.")