RAY, Presiding Judge.
Heather Oiler, as the executor of the estate of Shirley Nobles, and David Nobles (“Appellants”) filed a renewal complaint asserting medical malpractice claims against various defendants, including 24 On Physicians, PC (“24 On”). The trial court granted partial summary judgment to 24 On, finding that certain claims were barred by the statute of limitation. Appellants filed this appeal, contending that the trial court erred in concluding: (i) that any claims against 24 On for vicarious liability of its agents, other than those specific *592 ally named in the renewal complaint and the OCGA § 9-11-9.1 affidavit, were barred by the expiration of the statute of limitation; (ii) that the language of the amended OCGA § 9-11-9.1 affidavit, as opposed to the timely filed renewal complaint, controls the determination of the expiration of the statute of limitation; and (iii) that Appellants could not file an amended expert affidavit to conform to the renewal complaint and the evidence revealed during discovery For the following reasons, we reverse.
The standard of review for an appeal from a grant of summary judgment is de novo, viewing the evidence in the light most favorable to the nonmoving party, to determine whether a genuine issue of material fact remains or whether the moving party is entitled to judgment as a matter of law. Smith v. Lott, 317 Ga. App. 37, 37 (730 SE2d 663) (2012).
So viewed, the record shows that Shirley Nobles (“Nobles”) was admitted to Rockdale Medical Center on May 7, 2011. Three days later, Nobles was found unresponsive due to a hypoglycemic event. Nobles never regained full neurological function and was discharged for hospice care with a diagnosis of a severe brain injury caused by hypoglycemia. Nobles ultimately died on June 3, 2011.
The initial lawsuit was filed on May 10, 2013, against Lifepoint Hospitals, Inc., Rockdale Hospital, LLC d/b/a Rockdale Medical Center, Dr. Jeffrey C. Mitchell, Dr. Alunda E. Hunt, Rockdale Physician Practices, LLC, and Stacey V. Grant, RN. Appellants sought to recover wrongful death and estate damages for the acts and omissions leading to Nobles’untimely death. Pursuant to OCGA § 9-11-9.1, Appellants simultaneously filed an expert affidavit of Dr. Robert Cooper. Appellants voluntarily dismissed the original complaint without prejudice on October 21, 2013, and filed a renewal complaint, pursuant to OCGA § 9-2-61, on March 18, 2014. In the renewal complaint, Appellants asserted their claims against 24 On as well as Rockdale Hospital, LLC d/b/a Rockdale Medical Center, Dr. Jeffrey C. Mitchell, Dr. Alunda E. Hunt, and Stacey V. Grant, RN. However, the OCGA § 9-11-9.1 affidavit that was filed with the renewal complaint did not specifically mention 24 On.
On April 23, 2014, 24 On filed a motion to dismiss on various grounds, including allegations that the second affidavit failed to set forth “even one negligent act or omission on the part of Defendant 24 On Physicians, PC.” In response, on May 27, 2014, Appellants filed a third affidavit of Dr. Cooper, in order to include specific acts of negligence against 24 On. The trial court denied 24 On’s motion to dismiss on June 4, 2014. Finally, on October 8, 2015, Appellants filed the fourth and final affidavit of Dr. Cooper which, inter alia, clarified that his expert opinion regarding negligence and breaches of the *593 standard of care extended to 24 On’s employees and physicians who treated Nobles, bringing the language of the final affidavit in line with the averments of Count 1 of the renewal complaint.[1]
On March 16, 2016, 24 On filed a motion for partial summary judgment, contending that Appellants’ claims for vicarious liability by any of 24 On’s employees or physicians other than Dr. Mitchell and Dr. Hunt should be dismissed as untimely because such claims had been asserted after the expiration of the statute of limitation. Appellants responded on April 18, 2016, arguing that the statute of limitation for the claims on behalf of the estate had not expired prior to the assertion of the vicarious liability claims in the pleadings and that the fourth amended affidavit simply supported the existing claims in the renewal complaint. On September 12, 2016, the trial court entered an order granting 24 On’s motion for partial summary judgment. Appellants filed a motion for reconsideration of the trial court’s order on September 19, 2016. The trial court denied the motion for reconsideration on November 16, 2016, and issued a certificate of immediate review on November 22, 2016. We granted Appellants’ application for interlocutory appeal, and this appeal ensued.
In three related enumerations of error, Appellants essentially contend that the trial court erred in determining that the vicarious liability claims against 24 On for the negligent acts of any of its physicians other than Dr. Mitchell and Dr. Hunt were barred by the expiration of the statute of limitation. For the reasons that follow, we agree.
Appellants were not required to specifically name each physician for which 24 On was allegedly responsible in the renewal complaint. In an action for medical malpractice, Georgia law simply requires that “any pleading which sets forth a claim for relief . . . shall contain ... [a] short and plain statement of the claims showing that the pleader is entitled to relief[.]” OCGA § 9-11-8 (a) (2) (A). In the renewal complaint, which was timely filed, Appellants claimed that 24 On was vicariously liable for the negligence of the “physicians that attended Shirley Nobles” and that “the treating physicians [were] actual and/or ostensible agents or otherwise servants and/or employees of ... 24 On[.]” (Emphasis supplied.) As the agents for which 24 On was allegedly liable were identified as “the treating physi *594 cians” in the renewal complaint, 24 On was provided with sufficient notice of the agents for which it was allegedly responsible.
In considering the statute of limitation, the renewal complaint is the controlling pleading in this case. Furthermore, as the renewal complaint contemplated physicians other than those specifically named in the initial expert affidavit, the amended expert affidavit did not assert new claims after the expiration of the statute of limitation.
This Court has held that an amended affidavit that was filed after the expiration of the statute of limitation did not state a new claim and that the complaint therefore was the controlling pleading as to the statute of limitation. See Bonner v. Peterson, 301 Ga. App. 443, 445-448 (1) (687 SE2d 676) (2009). All that is required of an expert affidavit is that it “set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.” OCGA § 9-11-9.1 (a) (3). Furthermore, OCGA § 9-11-9.1 (e) provides, in pertinent part:
If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed on or before the close of discovery, that said affidavit is defective, the plaintiff’s complaint shall be subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective. . . .
(Emphasis supplied.) It is well settled that the purpose of OCGA § 9-11-9.1 is to avoid frivolous lawsuits and that allowing a plaintiff to amend an expert affidavit does not frustrate this purpose. See Porquez v. Washington, 268 Ga. 649, 652 (1) (492 SE2d 665) (1997) (physical precedent only) (allowing the amendment of OCGA § 9-11-9.1 affidavit “does not defeat the purpose of the statute, but instead helps to [ejnsure that the complaint is not frivolous”); Gadd v. Wilson & Co., Engineers & Architects, 262 Ga. 234, 235 (416 SE2d 285) (1992) (initial OCGA § 9-11-9.1 affidavit which did not specifically identify defendant as a negligent party was curable by amendment where the pleadings indicated that the defendant was implicitly the party to whom plaintiff was attributing the alleged negligence).
Here, Appellants were acting within the scope of the law when they filed the amended affidavit. The fourth and final affidavit of Dr. Cooper, though it was filed after the expiration of the statute of limitation, simply conformed to the language of the renewal com *595 plaint, and it corrected the language of the third affidavit to include the negligence of “24 On, [and] its employees andphysicians[.]” Thus, when viewed in comparison to the language of the renewal complaint, which includes “the treating physicians as actual and/or ostensible agents or otherwise servants and/or employees of ... 24 On[,]” it is clear that the purpose of Dr. Cooper’s fourth affidavit was simply to track the language of the renewal complaint.
The facts here can be distinguished from those in Thomas v. Med. Center of Central Ga., 286 Ga. App. 147 (648 SE2d 409) (2007), which 24 On cited as support for its contention that the fourth amended OCGA § 9-11-9.1 affidavit constituted a new claim outside of the statute of limitation. In Thomas, the plaintiff initially filed a complaint against the hospital alleging that it was responsible for the negligence of one if its physicians. After the expiration of the statute of limitation, however, the plaintiff filed an amended complaint and an amended expert affidavit to include the conduct of the hospital’s nurses. Id. at 147-148. This Court held that the amended affidavit asserted a new claim based on the conduct of a group of professionals who were not contemplated in the initial complaint and, therefore, such a claim was barred by the expiration of the statute of limitation. In so holding, we reasoned that allowing a plaintiff to add a different, group of professionals under such circumstances would frustrate the intent of OCGA § 9-11-9.1. Id. at 148-149. In the present case, however, the alleged negligence of the “treating physicians” who were agents or employees of 24 On was contemplated in the renewal complaint. Therefore, the language of the fourth amended OCGA § 9-11-9.1 affidavit cannot be considered to state a new claim outside the expiration of the statute of limitation.

Judgment reversed.

Dillard, C. J., Ray, P J., and Self, J., concur fully and specially.

 Dr. Cooper later testified at his deposition that his amended affidavit was based, in part, on the acts or omissions of Dr. Syed, a physician employed by 24 On who had treated Nobles immediately after she was found unresponsive.