DILLARD, Chief Judge,
concurring fully and specially
I fully concur with the majority’s well-reasoned opinion. I write separately to further address 24 On’s argument that the renewal complaint cannot be amended to assert a vicarious liability claim involving Dr. Syed outside the statute of limitation.
I agree with the majority that the renewal complaint satisfies Georgia’s notice-pleading requirements with respect to the alleged negligence of Nobles’s treating physicians, even if they were not specifically named in the complaint. But even if that were not the case, Georgia’s Civil Practice Act allows for initial theories of liabil *596 ity to be amended as more information is discovered during the course of litigation.[2]
Specifically, OCGA § 9-11-15 (a) provides that “[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order.” And even after that, “the party may amend his pleading ... by leave of court . . . .”[3] Moreover, such leave “shall be freely given when justice so requires.”[4] Indeed, we have held that OCGA § 9-11-15 (a) is to be forgivingly construed “in favor of the allowance of amendments, particularly when the party opposing the amendment is not prejudiced thereby.”[5] Additionally, even if the Appellants never formally amend their complaint, OCGA §9-11-15 (b) provides that “[wjhen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” Thus, as discovery proceeds in this case, “[sjuch amendment of the pleadings . . . may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time . . . .”[6]
Finally, under OCGA § 9-11-15 (c), “[wjhenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.” And here, 24 On has not alleged that Dr. Syed’s treatment of Nobles arose out of a separate and distinct set of circumstances from those set forth in the initial complaint. Instead, 24 On essentially argues that every theory of vicarious liability against it involving the treatment of Nobles by its physicians must include each treating physician’s name in the renewal complaint. But as ably explained by the majority, that is not how notice pleading works. Indeed, the forgiving notice-pleading standard of OCGA § 9-11-8 (a) (2) (A)—Georgia’s statutory codification of Federal Rule of Civil Procedure 8 (a) (2)—is “the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a *597 claim.”[7] Thus, while 24 On attempts to characterize the vicarious liability claim involving Dr. Syed as a separate time-barred claim, it is simply another theory of vicarious liability against it for medical malpractice that may be raised, upon remand, in any manner authorized by OCGA § 9-11-15.[8]
Decided August 14, 2017
Penn Law, Darren W. Penn, Alexandra C. Cole; Harris Lowry Mantón, Jed D. Mantón, Andrew J. Conn, for appellants.
Huff, Powell & Bailey, Daniel J. Huff, Francesca G. Townsend; Owen, Gleaton, Egan, Jones & Sweeney, Frederick N. Gleaton, Melissa P Reading, for appellees.
Charles M. Cork III; Smith, Gambrell & Russell, Leah Ward Sears, Colin D. Delaney; Donald J. Palmisano, Jr.; Allen & McCain, Hunter S. Allen, Jr, X. Layne Zhou; Arnail, Golden & Gregory, Jason E. Bring, Kara B. Gordon, amici curiae.
I am authorized to state that Presiding Judge Ray and Judge Self join in this special concurrence.

 See OCGA § 9-11-15 (a); see also Life Ins. Co. of Ga. v. Meeks, 274 Ga. App. 212, 216 (2) (617 SE2d 179) (2005) (“When entered, the pretrial order supersedes the pleadings and controls the subsequent scope and course of the action.”).

 OCGA § 9-11-15 (a).

 Id.

 Edenfield & Cox, P.C. v. Mack, 282 Ga. App. 816, 817 (640 SE2d 343) (2006) (punctuation omitted); see Thomas v. Tenet Healthsystem GB, Inc., 340 Ga. App. 70, 72 (796 SE2d 301) (2017) (“[W]e are to construe OCGA § 9-11-15 [forgivingly] in favor of allowing amendments.”).

 OCGA § 9-11-15 (b).

 Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (II) (122 SCt 992, 152 LE2d 1) (2002) (Thomas, J.); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 575 (I) (127 SCt 1955, 167 LE2d 929) (2007) (Stevens, J., dissenting) (“Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The merits of a claim would be sorted out during a flexible pretrial process and, as appropriate, throughthe crucible of trial.”); Walker v. Oglethorpe Power Corp., 341 Ga. App. 647, 669 (5) (802 SE2d 643) (2017) (“[I]n Georgia, it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. Instead, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed forgivingly and reasonably to achieve substantial justice consistent with the statutory requirements of the Act.” (cleaned up)).

 As aptly noted in the Georgia Trial Lawyers Association’s amicus brief, we have recently held in the medical-malpractice context that, under OCGA § 9-11-15 (c), amendments filed outside the statute of limitation related back to the original complaint under circumstances similar to this case. See Thomas, 340 Ga. App. at 73-74 (holding that a claim that a medical facility was vicariously liable for negligence of its nurses during a plaintiff’s visit to the emergency room that was filed outside the statute of limitation related back to the original complaint that alleged only that the medical center was vicariously liable for the negligence of its physicians during the same emergency room visit); Jensen v. Engler, 317 Ga. App. 879, 883-84 (1) (b), (2) (733 SE2d 52) (2012) (holding that claims of professional negligence and battery asserted outside the applicable statute of limitation related back to the plaintiff’s timely ordinary negligence claim because, even if they did not arise from the same factual allegations, they arose “out of the conduct, transaction, or occurrence set forth... in the original pleading,” which we described as the plaintiff’s “surgery, emergency room visit, and discharge.” (punctuation omitted)).